PEOPLE *v.* BAUGHN

TRIAL—QUESTIONING OF WITNESS BY TRIAL JUDGE—DISCRETION.

It is not an abuse of discretion for a trial judge to take over the questioning of witnesses in attempting to clarify confusing questions and testimony, as long as he does not reveal his personal views to the jury.

Appeal from Recorder's Court of Detroit, Andrew C. Wood, J. Submitted Division 1 January 9, 1969, at Detroit. (Docket No. 3,229.) Decided February 26, 1969.

Russell Gilbert Baughn, Jr., was convicted of negligent operation of a motor vehicle causing homicide. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Stephen H. Boak,* Assistant Prosecuting Attorney, for the people.

*Prosser, Cowell & Renner,* for defendant.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 557 *et seq.*

PER CURIAM. Defendant appeals from a conviction by a jury of the crime of negligent operation of a vehicle, causing homicide, MCLA § 750.324 (Stat Ann 1969 Cum Supp § 28.556). Defendant contends that certain questioning of witnesses by the trial court revealed a bias on the part of the court, upset defendant's trial tactics and denied defendant a fair and impartial trial. While the trial judge did take over the questioning function more often than is usual, we are satisfied after a full reading of the record that he never displayed bias to the jury, but was activated throughout solely by the desire to clarify the sometimes confusing questions and testimony. This case is far from the facts of *People* v. *Cole* (1957), 349 Mich 175, cited by defendant, where the trial judge conducted an extensive hostile interrogation of the defendant himself. Rather it falls within the well-recognized discretion of a trial judge to question the witnesses in the interest of justice, where the judge does not reveal his personal views. *People* v. *Lloyd* (1967), 5 Mich App 717, 723; *People* v. *Fedderson* (1950), 327 Mich 213, 219.

Affirmed.