PEOPLE v. BELL

1. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—DEFEND-
ANT TESTIFYING—WAIVER OF PRIVILEGE.

A defendant who testified at trial in his own behalf waives his privilege against self-incrimination; the jury may be informed that the defendant had refused to make any statement after he had been arrested.

2. CRIMINAL LAW—RIGHT TO COUNSEL.

Defendant's statement made to a police officer investigating an automobile accident was properly admitted into evidence in defendant's trial for armed robbery, even though the defendant had indicated, four days before making the statement, a desire to see a lawyer, but had not done so, where the accident investigation was routine and the police officer had no knowledge of the investigation of the armed robbery.

3. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—STATE-
MENTS—GROGGY CONDITION.

Defendant's statement made in a hospital emergency room to a police officer was admissible in defendant's trial for armed robbery even though there was evidence that the defendant was groggy when he made the statement where there was no indication that the defendant was irrational or unable to understand what was happening, testimony indicated that the defendant was in command of his faculties, the statement was made to the officer who was investigating defendant's gunshot wound, not the armed robbery, and the record fails to disclose any undue influence.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  21 Am Jur 2d, Criminal Law §§ 357–359.
[2]  29 Am Jur 2d, Evidence §§ 555–557.
[4]  29 Am Jur 2d, Evidence § 371.

4. CRIMINAL LAW—IN-COURT IDENTIFICATION—ILLEGAL PRETRIAL CON-
FRONTATION—HARMLESS ERROR.
  Permitting in-court eyewitness identification of defendant which
  may have been the product of an improper pretrial confronta-
  tion was harmless error where the evidence of defendant's
  guilt was overwhelming and the omission of the eyewitness
  identification would not have affected the jury's verdict.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 June. 12, 1970,
at Detroit. (Docket No. 2807.) Decided April 20,
1971. Leave to appeal denied, 385 Mich 769.

Arthur Bell was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Luvenia D. Doc-
kett,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for
defendant.

Before: DANHOF, P. J., and V. J. BRENNAN and
J. J. KELLEY, JR.,* JJ.

DANHOF, P. J. On November 7, 1965, at approxi-
mately 8:30 a.m. two men held up an unlicensed
pawn shop. The proprietor shot one of the men and
the two men fled. At about 9:30 a.m., a car owned
by the defendant was involved in a two-car collision.
After the accident the occupants of the car fled. A
box containing items that had been stolen was found
near the car. Shortly thereafter the defendant ap-
peared at a hospital seeking treatment for a gunshot

---

* Circuit judge, sitting on the Court of Appeals by assignment.

wound. While the defendant was in the hospital he was arrested, and after a jury trial he was convicted of robbery armed, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). He now appeals raising numerous allegations of error.

The defendant contends that the trial court erred in allowing the jury to be informed that the defendant had refused to make any statement after he had been arrested. It is well-settled that it is not permissible to inform the jury that the defendant has exercised his right to remain silent. However, this rule has long been subject to the exception that when the defendant takes the stand he waives his privilege and the jury may be informed of his previous silence. *People* v. *McCrea* (1942), 303 Mich 213. Since the defendant took the stand, he waived his privilege against self-incrimination under long-standing Michigan law. However, in light of *Malloy* v. *Hogan* (1964), 378 US 1 (84 S Ct 1489, 12 L Ed 2d 653) we must consider whether the defendant's privilege against self-incrimination under the Federal constitution was violated.

This question was presented in *People* v. *Hicks* (1970), 22 Mich App 446, where the majority opinion, over a dissent by the author of this opinion, held that the Federal constitution forbids any mention of a defendant's refusal to speak, even if the defendant has taken the stand. We decline to follow *Hicks*. We hold as did this Court in *People* v. *Graham* (1971), 29 Mich App 528, and *People* v. *Russell* (1970), 27 Mich App 654, that *People* v. *McCrea, supra,* is still controlling.

In *Hicks* the majority relied on *Grunewald* v. *United States* (1957), 353 US 391 (77 S Ct 963, 1 L Ed 2d 931) and *Stewart* v. *United States* (1961), 366 US 1 (81 S Ct 941, 6 L Ed 2d 84). However, these cases do not support the broad rule laid down in

*Hicks.* In *Grunewald* and *Stewart* the Supreme Court held that under the *particular circumstances of the case* it was improper to allow the jury to learn that the defendant had exercised his privilege against self-incrimination. None of the Federal cases cited to us control this case and until the United States Supreme Court or the Michigan Supreme Court adopts the rule stated in *Hicks* we consider ourselves bound by *McCrea.*

The defendant contends that a statement he made to a police officer was improperly admitted into evidence. The statement was made about four days after the robbery. The defendant contends that he had been denied his right to counsel, because he had previously indicated a desire to see a lawyer, but had not done so at the time he made the statement.

The defendant relies on *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977). We do not believe that *Escobedo* is in point. The statement was made to an officer who was attached to the accident prevention bureau. This officer was investigating the automobile collision and had no connection with the investigation of the robbery. The officer had no knowledge of the robbery investigation and was merely making a routine inquiry into the accident.

The defendant also questions the admissibility of a statement he made to a police officer while he was in the emergency room of the hospital. There was testimony that the defendant was groggy at this time, and he contends that because of this the statement is inadmissible.

We see no reason to exclude the statement. While there was testimony that the defendant was groggy there is no indication that he was irrational or unable to understand what was happening. Indeed there was testimony that indicated that he was in

command of his faculties. The officer who took the statement was not investigating the robbery, but was acting in response to the notification by the hospital that they had a gunshot victim. There is nothing in the record to indicate any type of undue influence.

The defendant contends that he was denied effective assistance of counsel because of the incompetence of his trial counsel. The record does not support this contention.

The defendant contends that the trial court erred in taking too active a part in the examination of the witnesses. It does not appear that the defendant was prejudiced by the trial court's conduct, and therefore, there was no reversible error. *People* v. *Baughn* (1969), 16 Mich App 156.

The defendant contends that his identification at the trial was a product of an improper pretrial confrontation. The evidence of the defendant's guilt was overwhelming. The defendant had been shot and there was expert testimony to the effect that he had been shot with the complaining witness's gun. The fruits of the crime were found next to the defendant's car. On this record we can only conclude that the omission of the eyewitness identification would not have affected the jury's verdict. Therefore, we can conclude beyond a reasonable doubt that if there was error it was harmless error. *Harrington* v. *California* (1969), 395 US 250 (89 S Ct 1726, 23 L Ed 2d 284).

The defendant's other assignments of error have not been properly preserved for appeal and therefore we do not pass upon them.

Affirmed.

All concurred.