PEOPLE *v.* DAILEY

1. Criminal Law — Defendant Testifying — Privilege Against Self-Incrimination — Silence — Prosecutor's Comment.
   A defendant who has exercised his privilege against self-incrimination at any time cannot be impeached by the prosecution's showing that the defendant exercised his constitutional right.

2. Criminal Law — Defendant Testifying — Privilege Against Self-Incrimination — Silence — Prosecutor's Comment.
   Prosecutor's cross-examining a testifying defendant as to why the defendant had not told the arresting officer why he (the

Reference for Points in Headnote
[1, 2] 21 Am Jur 2d, Criminal Law § 356.

defendant) was hiding in the bushes and what he was doing there, and prosecutor's commenting during summation as to why defendant, in a letter to the complainant, did not deny that he had stolen complainant's automobile, denied defendant due process and a fair trial by improperly commenting on defendant's exercise of his constitutional right to remain silent.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 October 5, 1971, at Detroit. (Docket No. 9783.) Decided October 7, 1971. Leave to appeal denied, 387 Mich 754.

Patrick James Dailey was convicted of unlawfully driving away a motor vehicle. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerald A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*William R. Kray,* for defendant on appeal.

Before: Lesinski, C. J., and V. J. Brennan and O'Hara,* JJ.

Lesinski, C. J. Defendant Patrick James Dailey was convicted by a jury of the crime of unlawfully driving away a motor vehicle, MCLA § 750.413 (Stat Ann 1954 Rev § 28.645). He appeals as of right.

The defendant charges that the prosecutor, in cross-examination of the defendant who took the stand during his trial, and in final argument to the jury, denied defendant due process and a fair trial

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

by improperly commenting on defendant's exercise
of his constitutional right to remain silent. Defend-
ant objects to the following questions by the pros-
ecutor:

"*Q.* Did you see Patrolman Moses Dunn ask you
why you were hiding in the bushes?
"*A.* No, No.
"*Q.* Did you tell him why you were hiding in the
bushes?
"*A.* No.
"*Q.* Why didn't you tell him why you were hiding
in the bushes?

\*       \*       \*

"*Q.* Why didn't you tell them at that time what you
were doing?

\*       \*       \*

"*Q.* At no time did you tell the police what you
were doing in that backyard, did you?
"*A.* Nobody asked me.
"*Q.* But you didn't tell anybody either, did you?

\*       \*       \*

"*Q.* Even before the examination, you had an op-
portunity to explain your actions to the police, did
you not?
"*A.* What actions?
[*Prosecutor's summation*]:
"   \*   \*   \*   He said he was in there to defecate.
Now, this is the first time that story was told. He
said he never said that to the police officers."

The prosecutor on final argument stated: "It is
reasonable to assume that if a person accused of a
crime that he didn't commit communicates with the
person who accuses him of it, he would sometime,
somehow, say to him, 'I didn't do it.' Mr. Dailey
didn't say in that letter, 'I didn't do it.'"

In *People* v. *Hicks* (1970), 22 Mich App 446, this
Court held in a similar factual context that it was

error for the prosecutor to cross-examine the defendant concerning his previous exercise of his constitutional right to remain silent. In *People* v. *Rolston* (1971), 31 Mich App 200, we held that when the right to remain silent embodied in the Fifth Amendment privilege against self-incrimination is exercised at any time by the accused, it is impermissible for the people to use the exercise of this right to impeach the accused should he elect to testify in his own behalf at the trial.

The statements made by the prosecutor in the case at bar do not differ from those made by the prosecutor in the *Hicks* and *Rolston* cases which were held to violate defendant's constitutional right to remain silent.

Judge BRENNAN, who joins in this opinion, notes that he participated in cases in which the Fifth Amendment privilege against self-incrimination was raised and he stood for affirmance. See *People* v. *Bell* (1971), 32 Mich App 375, and *People* v *Timmons* (1971), 34 Mich App 643. See, also, *People* v *Calhoun* (1971), 33 Mich App 141. However, the facts in this case are distinguishable. In the case before us the line of questioning by the prosecutor and the totality of the circumstances of this case denied the defendant a fair trial.

Reversed and remanded.


O'HARA, J. (*dissenting*). I regret that I cannot agree with the result reached by the Chief Judge. My view expressed in *People* v. *Calhoun* (1971), 33 Mich App 141, mandates the contrary result.

I would affirm.