PEOPLE *v.* TIMMONS

1. SEARCHES AND SEIZURES—ADMISSION OF ILLEGALLY-SEIZED EVI-
DENCE—HARMLESS ERROR.

Admitting into evidence in defendant's trial for robbery com-
plainant's wallet and identification, illegally seized from de-
fendant, was improper; however, the admission of the items
into evidence was harmless error where the complainant posi-
tively identified the defendant, the defendant was positively
identified at a lineup, and the complainant's credit card, which
was removed from an accomplice at the time of his arrest,
was properly admitted into evidence, because the improperly-
admitted evidence did not contribute to defendant's conviction.

2. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—PROSE-
CUTOR'S REMARK.

Prosecutor's reference at trial to the fact that the defendant made
no statement after his arrest did not violate defendant's priv-
ilege against self-incrimination where the subject was only
tangentially touched upon and then forever abandoned.

Appeal from Recorder's Court of Detroit, Henry
D. Arkison, J. Submitted Division 1 May 4, 1971,
at Detroit. (Docket No. 9654.) Decided June 25,
1971.

Willie Timmons was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 411 *et seq.*
[2] 29 Am Jur 2d, Evidence § 640.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. Defendant Willie Timmons, charged with armed robbery [MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797)], was convicted upon a jury verdict and was sentenced to 7–1/2 to 9 years in prison. Defendant appeals as of right, raising four issues.

First, he contends that the trial court committed reversible error in admitting people's exhibits 1 and 3 because such exhibits were clearly the fruit of an illegal search. Both items (complainant's wallet and complainant's identification) were the subject of a warrantless search and seizure.

Though we find ourselves compelled to agree with defendant that the searches were illegal, we conclude that the trial court's error in admitting the items was harmless. We are convinced beyond a reasonable doubt that this error did not contribute to the conviction, for not only was there positive identification of the defendant by the complainant, but there was also testimony by the officer who conducted a lineup that a positive identification of the defendant had been made. In addition, exhibit 2 (complainant's credit card) which was removed from an accomplice, William Thomas, at the time of the arrest, provides sufficient circumstantial corroboration of complainant's testimony. We therefore find no reversible error. See *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705), *reh den* (1967), 386 US 987 (87 S Ct 1283, 18 L Ed 2d

241); *Harrington* v. *California* (1969), 395 US 250 (89 S Ct 1726, 23 L Ed 2d 284); *People* v. *Wavie Williams* (1969), 19 Mich App 291.

Second, defendant contends that the trial court erred in admitting exhibit 2 (complainant's credit card) which had been seized incidental to the arrest of the codefendant, William Thomas. We find no merit in this contention however. Accordingly, we see no reason for any discussion thereof.

Third, defendant asserts error flowing from a reference at trial to the fact that he made no statement after his arrest. Defendant cites *People* v. *Hicks* (1970), 22 Mich 446, but fails to comprehend the import thereof. In *Hicks, supra,* the Court of Appeals reversed not on the basis of the direct testimony indicating that defendant had made no statement at the time of arrest, but rather on the basis of the fact that the prosecutor had attempted to emphasize on cross-examination that the defendant had claimed his right against self-incrimination. Such is not the case here, for the issue was only tangentially touched upon and then forever abandoned.

Fourth, defendant asserts that the lack of clarity on one point in the jury instructions necessitated an instruction on lesser included offenses. An examination of the instructions taken as a whole belies the contention. *People* v. *Iron* (1970), 26 Mich App 235, 241; *People* v. *Dye* (1959), 356 Mich 271, 279. Defendant neither made a request for an instruction nor made any objection to the instructions as given. We cannot, therefore, reverse except to correct a miscarriage of justice. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096); GCR 1963, 516.2; *People* v. *Lewis* (1970), 26 Mich App 290; *People* v. *Allar* (1969), 19 Mich App 675. No such injustice is present in the instant case.

Affirmed.