PEOPLE v DANIELS

OPINION OF THE COURT

1. ARREST—PROBABLE CAUSE—STATUTE.

A police officer may arrest a suspect without a warrant when he has received such positive information broadcast from any recognized police or other governmental radio station as may afford him reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it; and when a radio run's specification of a breaking and entering of a garage on an alley near a specific location is coupled with the officer's observance of the defendant coming from the garage and running when the police car's lights were turned on, this constitutes sufficient probable cause to warrant a man of reasonable caution to believe that a felony had been committed and that the defendant committed it; therefore, the arrest was valid (MCLA 764.15[f]).

2. SEARCHES AND SEIZURES—WITHOUT WARRANT—PROBABLE CAUSE— EXIGENT CIRCUMSTANCES.

The minimal justification of a warrantless search requires probable cause plus an additional factor, sometimes denominated as "exigent circumstances", sanctioning the substitution of the searching officer's determination of probable cause for that of a neutral magistrate.

3. SEARCHES AND SEIZURES—WITHOUT WARRANT—PROBABLE CAUSE— EXIGENT CIRCUMSTANCES.

Failure to secure a warrant invalidated a search and seizure by police of the defendant's automobile where the search was neither incident to the defendant's arrest nor was there probable cause to search the automobile at the time of arrest, and where the probable cause to search the defendant's automobile arose more than two hours after the arrest and was not coupled with any exigent circumstance which would justify a warrant-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest §§ 24, 32.
[2, 3, 5] 68 Am Jur 2d, Searches and Seizures § 41 *et seq.*
[4] 68 Am Jur 2d, Searches and Seizures §§ 85, 87.

less search, because the defendant and his accomplice were in police custody.

4. SEARCHES AND SEIZURES—EVIDENCE—HARMLESS ERROR.

Admitting the fruits of an illegal search and seizure into evidence at a defendant's trial was error, and the conviction of the defendant must be reversed where it cannot be said beyond a reasonable doubt that the illegally seized evidence did not contribute to the conviction, even though there was sufficient evidence, apart from the illegally obtained evidence, to convict him.

DISSENT BY DANHOF, J.

5. SEARCHES AND SEIZURES—WARRANT—EXIGENT CIRCUMSTANCES.

*A warrantless police search and seizure of a defendant's automobile two hours after a defendant's arrest and immediately after learning that stolen goods may have been contained in the automobile, and where the automobile was parked on a public street, is justified, since there is no constitutional difference in the degree of police intrusion between carrying out an immediate search without a warrant and holding the car pending a magistrate's determination of probable cause.*

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 2 August 7, 1973, at Detroit. (Docket No. 15813.) Decided December 6, 1973. Leave to appeal applied for.

Russell J. Daniels was convicted of breaking and entering a business establishment with the intent to commit larceny. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Hoffa, Chodak & Robiner,* for the defendant.

Before: LESINSKI, C. J., and DANHOF and BASH-
ARA, JJ.

LESINSKI, C. J. Defendant was convicted by a
Recorder's Court jury of breaking and entering a
business establishment with intent to commit lar-
ceny. MCLA 750.110; MSA 28.305. He appeals as
of right.

The first challenge raised on appeal concerns the
defendant's arrest. He argues that there was insuf-
ficient probable cause to justify his arrest. The
arresting officer responded to a radio run alerting
him that a breaking and entering of a garage on
an alley was occurring near the intersection of
Butternut and Tillman Streets. The officer was
driving in the area with his lights off when he saw
a light in a garage adjacent to a Butternut address
approximately one-half block away from the inter-
section of Butternut and Tillman. After seeing the
defendant and a companion walk out of the ga-
rage, the officer turned his lights on, whereupon
the defendant and his companion began to run.
The officer gave chase on foot and made the arrest.

The Legislature has prescribed a police officer's
power to arrest without a warrant in response to a
radio run. He may arrest:

"[w]hen he has received such positive information
broadcast from any recognized police or other govern-
mental radio station * * * as may afford him reasona-
ble cause to believe that a felony has been committed
and reasonable cause to believe that such person has
committed it." MCLA 764.15(f); MSA 28.874(f).

This Court has held that where the arresting
officers received information by radio of a glass
breaking, and defendant was the only person on
the street coming from the store in which a plate
glass door had been smashed and defendant had

responded negatively to the officer's question as to whether he had heard glass breaking, such facts constituted probable cause to arrest without a warrant. *People v Daniel Jones,* 37 Mich App 91; 194 NW2d 433 (1971).

In the instant case, the radio run's specification of garage, alley, and location, coupled with the officer's observance of the defendant coming from the garage and running when the police car's lights were turned on, constitute sufficient probable cause to warrant a man of reasonable caution to believe that a felony had been committed and that the defendant had committed it. Thus, the arrest was valid.

Defendant next contests the admissibility of evidence obtained from a search of his car.

Defendant's arrest occurred at approximately 11:30 p.m. After being taken to the police station, a codefendant who was arrested simultaneously with the defendant made a statement at 2 a.m. that the defendant had taken a fishing box out of the garage and placed it in the trunk of his car. The police then removed the keys to the defendant's car without his consent from the inventory of his property, picked up the car, and searched the car immediately upon its arrival at the station. The search disclosed a fishing box full of tooling accessories and other tools appropriate for use in a machine shop, which was the nature of the business located on the property the garage was incident to.

Upon learning of the search of the car at the trial, the defendant objected to admission of the above items, but the trial court allowed the fruits of the trunk search into evidence.

Automobile searches and seizures have been a popular topic of review before the United States

Supreme Court. As early as 1925, the Court made clear that warrant requirements in automobile situations differed from those in home or office situations. *Carroll v United States,* 267 US 132; 45 S Ct 280; 69 L Ed 543 (1925). However, the articulation of precisely what these differences are has been recently described by the Court as "something less than a seamless web". *Cady v Dombrowski,* 413 US 433, 440; 93 S Ct 2523, 2527; 37 L Ed 2d 706, 714 (1973).

Granting this difficulty, the principle which controls the instant case threads the course of most of the Supreme Court decisions on automobile searches. That principle is simply that the minimal justification of a warrantless search requires probable cause plus an additional factor, sometimes denominated as "exigent circumstances", sanctioning the substitution of the searching officer's determination of probable cause for that of a neutral magistrate. This additional factor has ranged from the mobility of a car on the open road in *Carroll, supra,* and *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970), to the local official noncriminal involvement with automobiles enunciated in *Cady, supra,* at 413 US 441–442; 93 S Ct 2528; 37 L Ed 2d 714–715.

This principle was applied to station searches in *Chambers, supra. Chambers* held that if *Carroll* applies at the scene of the contact, that is, if there is probable cause at the scene plus an additional factor justifying the lack of a warrant, then the car may be taken to the station and searched. This holding was supported by the common sense rationale that there is no greater intrusion at the station than there would have been at the scene.

The application of these principles to the instant case dictates a conclusion that the search of the

defendant's car without a warrant was invalid. At the scene of the defendant's arrest, there was no probable cause whatsoever to search the defendant's car. The police did not know that the car was involved until the accomplice's statement at the station two hours after the arrest. Therefore, this lack of probable cause at the scene prevents a *Chambers* justification of the station search.

Once the accomplice made the statement that the defendant had placed a fishing box from the complainant's premises into the car trunk, there is no question that at this point probable cause existed to search the automobile. However, we find that the failure of the police to obtain a warrant was inexcusable. Both the defendant and his accomplice were in custody. There is no appearance on the record of any additional factor which when coupled with probable cause would justify the warrantless search. The subsequent appearance of probable cause at the station cannot alone justify the warrantless search. "Here there was probable cause, but no exigent circumstances justified the police in proceeding without a warrant." *Coolidge v New Hampshire,* 403 US 443, 464; 91 S Ct 2022, 2037; 29 L Ed 2d 564, 581 (1971). As stated in *Carroll, supra,* at 267 US 156; 45 S Ct 286; 69 L Ed 552–553: "In cases where the securing of a warrant is reasonably practicable, *it must be used".* (Emphasis supplied.)

This case is distinguishable from this Court's decision in *People v Bukoski,* 41 Mich App 498; 200 NW2d 373 (1972), which upheld the search of an automobile without a warrant. Although the car was, as here, unoccupied, locked, and parked on the street, in *Bukoski,* the defendants were still at large, and the possibility that they could have therefore moved the car was a sufficient exigent

circumstance to make the opportunity to search "fleeting" and to justify search without a warrant. Here the defendant and his accomplice were in custody and there was no similar fleeting opportunity to search.

Since the failure to secure a warrant thus invalidated the search and seizure, the trial court erred in admitting the fruits of that search into evidence. There was clearly sufficient evidence apart from the fruits discovered in the trunk to convict the defendant. However, it cannot be said beyond a reasonable doubt that the excluded evidence did not contribute to the conviction of the defendant. *Harrington v California,* 395 US 250; 89 S Ct 1726; 23 L Ed 2d 284 (1969); *People v Timmons,* 34 Mich App 463; 192 NW2d 75 (1971). Therefore, the conviction of the defendant must be reversed.

Reversed and remanded for new trial.

Bashara, J., concurred.

Danhof, J. *(dissenting).* I dissent. I cannot agree with the majority's disposition of the automobile search issue and its reliance upon *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971). There is no majority opinion in *Coolidge.* The judgment of the Court in *Coolidge* was (part I of Justice Stewart's opinion) that the warrant authorizing the search of Coolidge's car was invalid and (in part II D of that opinion) that, since the authorities had known for 2-1/2 weeks of the presence of Coolidge's car and had planned all along to seize it, there were no exigent circumstances to justify failure to obtain a valid warrant. The context of the search in *Coolidge* is to be contrasted with that in the instant case. In *Coolidge,* defendant's car was seized when parked in his private driveway. Here, defendant's car was

parked in a public alley near the scene of the crime. In *Coolidge,* the arrest and search were made at a time remote from the original suspicions of wrong-doing. Here, the arrest was made immediately and the search conducted two hours later. In *Coolidge,* it was only after a prolonged search of the car and analysis of the findings that the authorities were able to conclude positively that the car had a connection with the crime. Here, given the statement of defendant's companion, there was probable cause to believe that defendant's car contained goods stolen that same evening.

The question presented in this case is where does the factual situation present here fit within the spectrum of search and seizure law represented by the decisions in *Coolidge, supra,* and *Chambers v Maroney,* 399 US 42, 90 S Ct 1975; 26 L Ed 2d 419 (1970). If the police had known at the scene of defendant's arrest of the presence of his car and its connection with the crime, they could have searched it there or immediately upon arrival at the station house. When the police learned of the car two hours after the arrest, they were certainly justified in seizing it. Between the available alternatives of either seizing and holding the car pending a magistrate's determination of probable cause or carrying out an immediate search without a warrant, there is no constitutional difference in the degree of police intrusion. As was said in *Chambers:*

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is, the 'greater' and which is the 'lesser' intrusion is itself

a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." 399 US 51–52; 90 S Ct 1981; 26 L Ed 2d 428.

I, therefore, vote to affirm.