PEOPLE v FALCONER

1. SEARCHES AND SEIZURES—ARREST—PROBABLE CAUSE—DRUGS AND
   NARCOTICS—MERE SUSPICION.

   A police officer's suspicion that manila coin envelopes, being
   exchanged by a defendant for money, contained narcotics does
   not by itself constitute probable cause for either the arrest of
   the defendant or a search of the defendant's car.

2. SEARCHES AND SEIZURES—ARREST—STOP AND FRISK—PROTECTIVE
   SEARCHES—WEAPONS.

   A stop and frisk of a defendant whom a police officer suspects of
   selling narcotics may be appropriate, but only to the extent of a
   protective search of the defendant's person for weapons; the
   police officer's suspicion does not provide justification for a
   seizure of the defendant's car keys or a search of his automo-
   bile.

Appeal from Recorder's Court of Detroit, Dalton
A. Roberson, J. Submitted March 3, 1977, at De-
troit. (Docket No. 29212.) Decided June 20, 1977.
Leave to appeal applied for.

Lee Falconer was charged with possession of
heroin with intent to deliver. Defendant's motion
to suppress as evidence the heroin seized was
granted and the charge dismissed. The people
appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Re-
search, Training and Appeals, and *Timothy A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest §§ 24, 32.
[2] 68 Am Jur 2d, Searches and Seizures § 103.

*Baughman,* Assistant Prosecuting Attorney, for the people.

*Joseph P. Zanglin,* for defendant on appeal.

Before: D. E. Holbrook, P. J., and Bashara and W. F. Hood,* JJ.

W. F. Hood, J. The defendant was charged with possession of heroin with intent to deliver, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). After he was bound over for trial, he moved to suppress the heroin based on illegal search and seizure. The motion was granted and the people appeal.

The facts of the defendant's arrest and seizure of the evidence were testified to by the arresting officer who was the only witness at the preliminary examination. The motion to suppress was based upon such testimony.

The officer testified that on the evening of the day in question he was on duty "on observation for narcotics activity" and in a position to see the defendant without being noticed. The officer observed on two occasions unknown males walk up to the defendant and hand him paper money. Each time the defendant walked back to a car, opened the passenger door with a key from his pocket and withdrew from the car a brown manila coin envelope. The officer could not see what was in the envelopes, but he suspected it was heroin.

When the same sequence of events happened a third time, the officer left his place of concealment, arrested the defendant and searched him, but found no weapon or contraband. The officer then removed the car key from defendant's pocket, unlocked the car door and removed a paper bag in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

which were found ten coin envelopes later identified as containing 5.3 grams of heroin.

There was no testimony that the officer was in possession of any information from any source linking the defendant, any of the persons who approached the defendant, the car, or the locality, with prior narcotics involvement. The sole ground of the arrest and search was the officer's suspicion that the manila coin envelopes contained narcotics. Such suspicion does not constitute probable cause for either the arrest of the defendant or the search of the car. *People v Reeves,* 23 Mich App 183; 178 NW2d 115 (1970).

A stop and frisk within the authority of *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), may have been appropriate, but such procedure would allow only a protective search of the defendant's person for weapons, and does not provide justification for seizure of the car key or the search of the automobile.

Affirmed.