PEOPLE v YOUNG

Docket No. 77-4852. Submitted January 17, 1979, at Detroit.—Decided
    May 1, 1979. Leave to appeal applied for.

Walter Young and a companion were observed apparently sleep-
    ing in a car parked on the street. Police officers stopped to
    investigate. The passenger door was open and the dome light
    was on. As a uniformed officer approached, Young removed a
    tinfoil packet from his pocket and dropped it to the floor of the
    automobile. The officer, familiar with the use of such packets as
    a method of drug dispersal, seized and opened the packet which
    revealed an off-white powdery substance later determined to be
    heroin. Young was thereupon arrested and charged with posses-
    sion of heroin. Following his preliminary examination, defen-
    dant brought a motion to quash the information and dismiss
    the charges. Recorder's Court of Detroit, Susan D. Borman, J.,
    granted defendant's motion on the ground that there was no
    probable cause to seize the packet. The people appeal. *Held:*

    1. Only objects which an officer has probable cause to believe
    are evidence or implements of a crime may be seized and
    examined without a warrant. Anything less than probable
    cause for a search and seizure, in the absence of any individual-
    ized suspicion, would not be consistent with the constitutional
    guarantees against unreasonable searches and seizures.

    2. Any inference of criminality derived from the mere posses-
    sion of a tinfoil packet is too expansive for purposes of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures §§ 23, 36, 41-45, 99.
    Validity under Federal Constitution of warrantless search of auto-
        mobile—Supreme Court cases. 26 L Ed 2d 893.
    Search and seizure: Observation of objects in "Plain View"—Su-
        preme Court cases. 29 L Ed 2d 1067.
[2-10] 68 Am Jur 2d, Searches and Seizures §§ 41-45, 99.
    Validity under Federal Constitution of warrantless search of auto-
        mobile—Supreme Court cases. 26 L Ed 2d 893.
    Search and seizure: Observation of objects in "Plain View"—Su-
        preme Court cases. 29 L Ed 2d 1067.
[7] 32 Am Jur 2d, Federal Practice and Procedure § 390.
[9] 32 Am Jur 2d, Federal Practice and Procedure § 390.

Fourth Amendment; the use of tinfoil packets to facilitate the drug trade is not so widespread and well known among policemen that the mere sighting of such packets is sufficient to establish the requisite probable cause for a search and seizure without a warrant.

3. There is no justification for the search of an automobile without a warrant where an occupant put his hand in his pocket and either dropped or threw a tinfoil packet to the floor; such gestures are not so obviously evasive that the police could infer criminality and they establish no more than a mere suspicion, which is insufficient probable cause to search the automobile.

4. The Court of Appeals will not reverse a trial court ruling at a suppression of evidence hearing unless that ruling is found to be clearly erroneous.

Affirmed.

J. H. GILLIS, J., dissented and would hold that it would not be unreasonable to infer that defendant was attempting to get rid of incriminating materials when he reached into his pocket and removed a tinfoil packet which he dropped or threw on the floor of the vehicle. This obviously evasive action is a factor to be considered in determining probable cause and, when defendant's suspicious actions are coupled with the officer's knowledge of the use of such packets in drug dispersal from prior experience, was sufficient to justify the seizure of the packet. He would reverse.

### OPINION OF THE COURT

1. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW — PLAIN VIEW — WARRANTS — PROBABLE CAUSE.

Seizure of objects within the plain view of a police officer in a place where he has a lawful right to be is not constitutionally proscribed for lack of a valid warrant; however, seizure under those circumstances is subject to the limitation that only objects which the officer has probable cause to believe are evidence or implements of a crime may be seized and examined.

2. SEARCHES AND SEIZURES — AUTOMOBILES — REASONABLE GROUNDS — PROBABLE CAUSE — CONSTITUTIONAL LAW.

Limited investigatory searches and seizures of and from automobiles and occupants without warrants may not be premised upon anything less than probable cause.

3. SEARCHES AND SEIZURES — POLICE — NARCOTICS — TINFOIL PACKETS — PROBABLE CAUSE — CONSTITUTIONAL LAW.

The use of tinfoil packets to facilitate drug trade is not so

widespread and well known among policemen that the mere sighting of such packets is sufficient to establish the requisite probable cause for a search or seizure; tin and aluminum foil have a vast number of legitimate and common uses, these commodities permeate American society resulting in almost daily contact with them in one form or another and any inference of criminal activity derived from their mere possession is too expansive for purposes of the Fourth Amendment.

4. SEARCHES AND SEIZURES — AUTOMOBILES — CONSTITUTIONAL LAW — EXIGENT CIRCUMSTANCES — WARRANTS — CONTRABAND — PROBABLE CAUSE.

Exigent circumstances necessary to allow the immediate search of a movable vehicle do not serve to discharge the antecedent necessity of probable cause; only where there is probable cause to believe that contraband will be found at the time a search occurs will the investigation of an automobile's contents be permitted without the procurement of a warrant.

5. SEARCHES AND SEIZURES — AUTOMOBILES — TINFOIL PACKETS — EVASIVE ACTIONS — FURTIVE GESTURES — WARRANTS — PROBABLE CAUSE.

An evasive or furtive gesture of an occupant of an automobile by dropping or throwing a tinfoil packet to the floor of the automobile, by itself, does not justify the search of the automobile, but it may be considered as a factor and, in combination with other factors, could help to establish probable cause to search the automobile without a warrant.

6. SEARCHES AND SEIZURES — AUTOMOBILES — FURTIVE GESTURES — TINFOIL PACKETS — MERE SUSPICION — PROBABLE CAUSE.

The search of an automobile without a warrant because of an alleged furtive gesture of an occupant of an automobile was not justified where the gesture consisted of the occupant's putting his hand in his pocket and either dropping or throwing a tinfoil packet to the floor of the vehicle; such gestures are not so obviously evasive that the police could infer criminality and they establish no more than mere suspicion, which is insufficient probable cause to search the automobile.

7. SEARCHES AND SEIZURES — APPEAL AND ERROR — POLICE — TINFOIL PACKETS — PROBABLE CAUSE.

The Court of Appeals needs more than a police officer's naked allegation to consider an argument that tinfoil packets are readily identifiable as a means of drug conveyance; a circuit court's dismissal of a charge of possession of heroin on grounds

that a police officer lacked sufficient probable cause to search and seize should not be overturned where the record fails to supply an adequate description of a tinfoil packet and the appellate court is left to speculate as to the packet's bulk and configuration.

8. SEARCHES AND SEIZURES — AUTOMOBILES — FURTIVE GESTURES — EVIDENCE — CIRCUMSTANTIAL EVIDENCE — TINFOIL PACKETS — INFERENCE OF CRIMINALITY — IMPELLING CERTAINTY.

An inference of criminality may be drawn from circumstantial evidence only if it follows as an impelling certainty; the extent of a defendant's furtive gesture when approached by a uniformed officer must be made apparent by the record or evidence to be helpful in determining whether defendant's action of either dropping or throwing a tinfoil packet to the floor of an automobile would support an inference of criminality as an impelling certainty.

9. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — MOTION TO SUPPRESS — CLEARLY ERRONEOUS RULE.

The Court of Appeals will not reverse a trial court's ruling at a suppression of evidence hearing unless that ruling is found to be clearly erroneous.

DISSENT BY GILLIS, J.

10. SEARCHES AND SEIZURES — AUTOMOBILES — NARCOTICS — EVASIVE ACTIONS — FURTIVE GESTURES — PROBABLE CAUSE.

*An obviously evasive action by a person who is aware that he is being observed by the police is one factor to be considered as probable cause for a search without a warrant, and while a furtive gesture standing alone does not create probable cause, in a fact situation where a defendant reached into his pocket, removed a packet and threw it to the floor of an automobile as a police officer approached, it is not unreasonable to infer that defendant was attempting to get rid of the possession of incriminating material and these suspicious actions, when coupled with the officer's knowledge of the use of such packets in drug dispersal from prior experience, was sufficient to justify the seizure of the packet.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal

Attorney, Appeals, and *E. Gail Willhardt,* Assistant Prosecuting Attorney, for the people.

*Parzen & Parzen,* for defendant.

Before: D. C. RILEY, P.J., and J. H. GILLIS and MACKENZIE, JJ.

D. C. RILEY, P.J. Defendant was arrested on September 2, 1977, and charged with possession of heroin in violation of MCL 335.341(4)(a); MSA 18.1070(41)(4)(a). The undisputed facts show that on the evening in question, police officers stopped to investigate a parked car which appeared to contain two sleeping men. The vehicle's passenger door was open and the inside dome light was functioning. As the police approached, the men roused themselves, at which time defendant removed a tinfoil packet from his pocket and dropped it to the floor of the automobile. One of the officers, familiar with the use of such packets as a method of drug dispersal, seized and opened the packet, which contained an off-white powdery substance later determined to be heroin. Defendant was immediately arrested and taken into custody.

Following the preliminary examination, defendant brought a motion to quash the information and dismiss the case on the grounds that the police officer lacked sufficient probable cause to confiscate and open the tinfoil packet. The trial court granted this motion and the people appeal as of right.

Initially, we observe that the expropriation of the packet cannot be sustained by reference to the "plain view" doctrine, which holds that the seizure of objects within the plain view of a police officer, in a place where he has a lawful right to be, is not constitutionally proscribed for lack of a valid war-

rant. *People v Hunter,* 72 Mich App 191, 199; 249
NW2d 351 (1976), *People v Triplett,* 68 Mich App
531; 243 NW2d 665 (1976), *lv den* 397 Mich 842
(1976). However, this exception is subject to the
further limitation that only objects which the
officer has probable cause to believe are evidence
or implements of a crime may be seized and exam-
ined. *People v Ridgeway,* 74 Mich App 306, 311-
312; 253 NW2d 743 (1977), *lv den* 401 Mich 831
(1977).

Here there is no dispute that, under the circum-
stances at bar, the officers' investigation of the
vehicle was proper. The occupants of the automo-
bile could have been in need of assistance for any
of a number of reasons. Hence, the crucial ques-
tion thus becomes not whether the officer was
lawfully in a place to observe, but rather, did what
he observe constitute probable cause to believe
that the object seized was evidence or an imple-
ment of crime.

At this juncture we reach plaintiff's contention
that probable cause is no longer required for a
limited search and seizure of the kind conducted
by the police in this case, but that such an investi-
gation may be premised upon a lesser standard of
"reasonable grounds". Plaintiff argues, erro-
neously, that the facts of *Terry v Ohio,* 392 US 1;
88 S Ct 1868; 20 L Ed 2d 889 (1968), and *United
States v Martinez-Fuerte,* 428 US 543; 96 S Ct
3074; 49 L Ed 2d 1116 (1976), indicate that, con-
sistent with the Fourth Amendment, the police
may, in cases such as this, conduct limited investi-
gatory searches and seizures based upon grounds
less than probable cause in the absence of any
individualized suspicion. *Terry* involved the valid-
ity of a surface search or "frisk" of the outer
clothing of a defendant with whom the officer had

contact where the officer reasonably believed that
he was dealing with an armed and dangerous
person. In authorizing a limited intrusion to
search for weapons, the holding in *Terry* was
specifically premised upon, and limited to, the
concern for the safety of law enforcement agents.
Here it cannot be argued that any solicitude for
the officers' safety because of hidden weapons
could justify opening the packet.

*United States v Martinez-Fuerte, supra,* is also
wholly inapposite as it deals with the dramatically
different conditions relevant to a border search
where a more relaxed Fourth Amendment stan-
dard has been held to apply. Nor does a review of
the case law and remaning authority cited by
plaintiff warrant imposition of a lesser standard
than probable cause in the present case.

Next, the state broadly urges us to hold that the
time has come (in the evolution of the law) for the
courts to realize that the use of tinfoil packets to
facilitate drug trade is so widespread and well
known among policemen that the mere sighting of
such packets is sufficient to establish the requisite
probable cause. We decline such a historical invita-
tion. Defendant correctly points out that tin and
aluminum foil have a vast number of legitimate
and common uses; these commodities permeate
American society resulting in almost daily contact
with them in one form or another. Any inference
of criminal activity derived from their mere pos-
session is too expansive for purposes of the Fourth
Amendment.

We acknowledge that this Court has previously
used language ostensibly favoring the people's po-
sition. In *People v Ridgeway, supra,* at 314, where
a police officer observed a tinfoil packet on the
floor of defendant's car, the Court stated:

"We now consider the strongest support for a finding of probable cause, *viz.,* the officer's knowledge that tinfoil packets like the one on the floor of the car often contain narcotics. Given the officer's experience in narcotics law enforcement, his suspicion that the packet contained some controlled substance must be respected. The question is extremely close, but we believe that the officer did have probable cause to believe that the packet contained a controlled substance."

However, in that case the officer also detected the odor of marijuana when defendant was stopped. The inference that marijuana users would be in possession of narcotics may be entitled to some weight according to the Court. The additional circumstance of marijuana smoke in *Ridgeway* renders it inadequate precedent for plaintiff's position. See also *People v Falconer,* 76 Mich App 367, 369; 256 NW2d 597 (1977), *lv den* 402 Mich 816 (1977), holding that a police officer's suspicion that manila coin envelopes, being exchanged by a defendant for money, contained narcotics, did not by itself constitute probable cause for either arrest of the defendant or a search of the defendant's car.

Lastly, the people contend that the additional circumstances present in this case, taken in combination, are sufficient to establish probable cause, to wit: the officer's prior experience with tinfoil packets, defendant's furtive gesture, and the exigent circumstances of a potentially mobile vehicle. The latter ground merits only brief discussion. The exigent circumstances allowing immediate search of a movable vehicle is an exception to the Fourth Amendment's warrant requirement. It does not serve to discharge the antecedent necessity of probable cause. Only where there is probable cause to believe that contraband will be found at the time the search occurs will the exception catalyze permissible investigation of the auto's

contents without the procurement of a warrant. *People v Strong,* 77 Mich App 281, 284-285; 258 NW2d 205 (1977), *People v Daniels,* 50 Mich App 754, 758; 213 NW2d 780 (1973), *lv den* 391 Mich 828 (1974). See generally, 1 Wharton, Criminal Procedure (12th ed), § 151, p 321.

The remaining facts, however, are more troubling. Although insufficient standing alone, the use of tinfoil packets may be considered in combination with other elements in determining the existence of probable cause. One such factor is an evasive or "furtive" gesture by one aware that he is under police observation. As in the case of tinfoil packets, a mere furtive gesture, standing alone, does not create probable cause to search a vehicle. *People v Howell,* 394 Mich 445, 447; 231 NW2d 650 (1975), *People v Boudah,* 61 Mich App 563, 566; 233 NW2d 84 (1975), *People v Obadele,* 58 Mich App 139, 143; 227 NW2d 258 (1975), *People v Nelson Pitts,* 40 Mich App 567, 576; 199 NW2d 271 (1972), *lv den* 388 Mich 791 (1972), *People v Reeves,* 23 Mich App 183, 188; 178 NW2d 115 (1970). See also Anno: *Search & Seizure: Furtive Movement or Gesture as Justifying Police Search,* 45 ALR3d 581. The rationale behind this rule was considered in *People v Hall,* 40 Mich App 329, 335; 198 NW2d 762 (1972), quoting *People v Superior Court of Yolo County,* 3 Cal 3d 807, 817-818; 478 P2d 449; 91 Cal Rptr 729 (1970):

" 'The difficulty is that from the viewpoint of the *observer,* an innocent gesture can often be mistaken for a guilty movement. He must not only perceive the gesture accurately, he must also interpret it in accordance with the actor's true intent. But if words are not infrequently ambiguous, gestures are even more so. Many are wholly nonspecific, and can be assigned a meaning only in their context. Yet the observer may

view that context quite otherwise from the actor: not only is his vantage point different, he may even have approached the scene with a preconceived notion—consciously or subconsciously—of what gestures he expected to see and what he expected them to mean. The potential for misunderstanding in such a situation is obvious.

" *'It is because of this danger that the law requires more than a mere "furtive gesture" to constitute probable cause to search or to arrest.'* "

In *People v Nelson Pitts, supra,* police officers stopped the defendant's car because it had no license plate light and saw a small prescription bottle in the defendant's hand which he dropped between the seat and door as they approached. A search of the car revealed it to contain heroin. The Court held that the circumstances did not justify the search, stating that the movement by the defendant was not so obviously evasive that the police could infer criminality. The circumstances, said the Court, established no more than mere suspicion.

In the instant case, the furtive gesture consisted of the defendant putting his hand in his pocket and either dropping or throwing a tinfoil packet to the floor of the vehicle. Such a gesture would seem to be closely akin to that in *Pitts* which was found to establish no more than mere suspicion.

This gesture, combined with the suspicion aroused by the tinfoil packet, may have been sufficient to establish probable cause. Nevertheless, we refuse to overturn the decision of the lower court for the following reasons. First, we note that the record fails to supply us with an adequate description of the "tinfoil packet". We are, therefore, left to speculate as to its bulk and configuration—whether large enough to hold a sandwich, or

perhaps the size of a gum wrapper. Absent such evidence, we have no basis, apart from the officer's naked allegation, for considering the argument that they are so readily identifiable as a means of drug conveyance.

In the same vein, the extent of defendant's "furtive gesture" is not apparent. Defendant either "dropped" or "threw" the packet to the floor of the vehicle. No other circumstances helpful to us are given surrounding the incident. As this Court noted in *People v Strong,* 77 Mich App 281, 286; 258 NW2d 205 (1977):

" 'Furtive gestures' have been defined as 'obviously evasive actions'. *People v Nelson Pitts,* 40 Mich App 567, 576; 199 NW2d 271 (1972), *People v Evans,* 3 Mich App 1, 7; 141 NW2d 668 (1966). An inference of criminality may be drawn from circumstantial evidence only if it follows 'as an impelling certainty'. *People v Davenport,* 39 Mich App 252, 257; 197 NW2d 521; 56 ALR3d 942 (1972)."

We are not constrained to say that, in light of the record before us, an inference of criminality follows "as an impelling certainty". The similar facts holding of *People v Nelson Pitts, supra,* supports this conclusion.

Further, we do not reverse a trial court's ruling at a suppression hearing unless that ruling is found to be "clearly erroneous". *People v White,* 84 Mich App 351, 354; 269 NW2d 598 (1978), *People v Ulrich,* 83 Mich App 19, 21; 268 NW2d 269 (1978), *People v Robertson,* 81 Mich App 446, 449; 265 NW2d 365 (1978), *People v Terrell,* 77 Mich App 676, 679; 259 NW2d 187 (1977), *People v Triplett, supra,* at 535, *People v Stewart,* 25 Mich App 204, 206; 181 NW2d 14 (1970), *People v Smith,* 19 Mich App 359, 367; 172 NW2d 902

(1969). As the question in the present case is a close one, this standard does not mandate reversal of the court below.

Affirmed.

MacKenzie, J., concurred.

J. H. Gillis, J. *(dissenting)*. At 1:30 a.m. on September 2, 1977, defendant and a companion were observed apparently sleeping in a car parked on the street. The passenger door was open and the dome light was on. As a uniformed officer approached on the passenger side of the car, defendant took a tinfoil packet out of his pocket and dropped it on the floor. From experience, the officer knew that similar packets were often used to transport drugs. The packet was seized and opened, revealing a substance which was later determined to be heroin. Defendant was thereupon arrested.

Following the preliminary examination and bind over, the lower court granted defendant's motion to quash the information. Relying upon the case of *People v Falconer,* 76 Mich App 367; 256 NW2d 597 (1977), the court held that there was not probable cause to seize the packet.

In *Falconer,* the defendant was observed on three occasions removing manila coin envelopes from a car and exchanging them for money. The defendant was unaware that he was under police observation at the time. The Court held there was no probable cause to arrest the defendant or search the car, saying:

"There was no testimony that the officer was in possession of any information from any source linking the defendant, any of the persons who approached the defendant, the car, or the locality, with prior narcotics

involvement. The sole ground of the arrest and search
was the officer's suspicion that the manila coin enve-
lopes contained narcotics. Such suspicion does not con-
stitute probable cause for either the arrest of the defen-
dant or the search of the car." *Id.,* at 369.

In *People v Ridgeway,* 74 Mich App 306; 253
NW2d 743 (1977), the defendant was stopped for a
minor traffic offense. The officers smelled mari-
juana and observed a tinfoil packet on the floor. In
determining that there was probable cause, the
Court placed much reliance upon the officers'
knowledge that tinfoil packets such as the one in
defendant's car often contain narcotics. The Court
gave some weight to the fact that the officers
smelled marijuana, since it might be inferred that
one who smokes marijuana may also be in posses-
sion of more dangerous drugs. However, it is read-
ily apparent that this was not the controlling
factor in the Court's decision. As the Court noted:

"We are not overly impressed by that inference, but
it may be entitled to some weight."

In the instant case, like in *Ridgeway,* the officer
testified that he had seen packets similar to the
one observed and that in his experience packets of
that type ordinarily contain narcotics or other
controlled substances.

In addition, defendant's actions can certainly be
characterized as "suspicious". Defendant was par-
tially lying down in the front seat of the car. A
marked police car stopped next to the automobile.
As a uniformed officer walked around the rear of
the car, defendant got up. As the officer ap-
proached the passenger door, defendant reached
into his pocket, removed the packet, and threw it
to the floor. I do not believe it is unreasonable to

infer from these circumstances that defendant was attempting to get rid of the possession of incriminating material.

An obviously evasive action by a person who is aware that he is being observed by the police is one factor to be considered in the probable cause formula. *People v Nelson Pitts,* 40 Mich App 567, 576; 199 NW2d 271 (1972). While a "furtive gesture" standing alone does not create probable cause, *id.,* in the instant case the defendant's actions, when coupled with the officer's knowledge from prior experience, was sufficient to justify the seizure of the packet.

I would reverse.