PEOPLE v KINCAID

Docket No. 78-427. Submitted May 16, 1979, at Detroit.—Decided July 12, 1979.

Defendant, Cedell Kincaid, was charged in Recorder's Court of Detroit with possession of heroin with intent to deliver. Defendant moved to suppress certain evidence and quash the information. A hearing was held before Donald Neitzel, J., where it was disclosed that a search of the trunk of defendant's car occurred after officers watched defendant apparently pass white coin envelopes, which at least one officer knew were commonly used for heroin, to other people in exchange for money and after the officers approached defendant, identified themselves and saw defendant throw some envelopes into the trunk of his car and slam the lid. The court suppressed the evidence and quashed the information. The people appeal. *Held:*

The search was valid and the evidence should not have been suppressed.

Reversed and remanded.

SEARCHES AND SEIZURES — PROBABLE CAUSE.

A police officer who knew that coin envelopes were commonly used to contain heroin had probable cause to search the trunk of a defendant's automobile where the officer had witnessed the defendant pass coin envelopes to other people in exchange for money and where, after the officers identified themselves, the defendant threw some envelopes into the trunk of his car and slammed the lid; evidence obtained in the search is admissible.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baugh-*

REFERENCES FOR POINTS IN HEADNOTE

68 Am Jur 2d, Searches and Seizure § 45.

Validity, under Federal Constitution, of warrantless search of automobile—Supreme Court cases. 26 L Ed 2d 893.

*man,* Assistant Prosecuting Attorney, for the people.

Before: N. J. KAUFMAN, P.J., and ALLEN and K. B. GLASER, JR.,* JJ.

PER CURIAM. Defendant was charged with possession with intent to deliver heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). Defendant's motion to suppress the evidence and quash the information was granted on December 13, 1977, and the plaintiff appeals by right.

The sole issue on appeal is whether or not the police officers had probable cause to search the trunk of defendant's automobile. The search occurred (1) after the officers watched defendant apparently pass white coin envelopes, which at least one officer knew were commonly used for heroin, to other people in exchange for money, and (2) after the officers approached defendant, identified themselves and saw defendant throw some envelopes into the trunk of his car and slam the trunk. The subsequent warrantless search of the trunk yielded coin envelopes containing heroin. We conclude that the search was valid and, therefore, that the trial judge was clearly erroneous in suppressing the evidence and quashing the information.

Contrary to the trial judge's determination, *People v Falconer,* 76 Mich App 367; 256 NW2d 597 (1977), is not the factual twin of the instant case. In *Falconer,* there was no testimony regarding the arresting officer's prior experience with coin envelopes and no furtive gesture by the defendant upon the approach of the police officer. These additional factors bring our case within the reasoning of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*People v Hall,* 40 Mich App 329; 198 NW2d 762 (1972). See also *People v Ridgeway,* 74 Mich App 306; 253 NW2d 743 (1977). The officer's prior experience with coin envelopes and the defendant's furtive gesture supplied the officers with sufficient probable cause to make the search.

Reversed and remanded for further proceedings.