PEOPLE v BLOYD

Docket No. 43903. Submitted January 17, 1980, at Detroit.—Decided
    March 18, 1980. Leave to appeal applied for.

Omer Bloyd was charged with breaking and entering. Defendant
    moved to suppress evidence and to quash the information. The
    motions were heard by the Wayne Circuit Court, George T.
    Martin, J. The record shows that defendant's automobile was
    observed by a police officer exiting from a closed construction
    yard in the early hours of a Sunday morning. The officer
    stopped defendant's automobile, at which time the officer ob-
    served boxes of movies and magazines, a pair of gloves, a
    screwdriver, a prybar and pliers in the automobile. The defen-
    dant, who was visibly perspiring, was advised of his rights and
    detained in the officer's patrol car. It was thereafter determined
    that a nearby theater and bookstore had been burglarized. The
    trial court denied the motions to suppress the evidence and
    quash the information. Defendant appeals by leave granted.
    *Held:*

    1. While the circumstances justified the investigatory stop by
    the police officer, and the officer was therefore properly in the
    position where he observed the items in the defendant's auto-
    mobile, seizure of the items observed in the automobile cannot
    be justified on the basis of the plain view doctrine. The items
    observed are not inherently illegal in nature and, at the time of
    observing them, the officer did not have probable cause to
    believe that those items were connected with any particular
    crime. For the same reasons, the officer did not have probable
    cause to arrest defendant, and, accordingly, the seizure of the

REFERENCES FOR POINTS IN HEADNOTES
[1,5] 68 Am Jur 2d, Searches and Seizures §§ 42, 45.
    Search and seizure: "Furtive" movement or gesture as justifying
        police search. 45 ALR3d 581.
[2] 68 Am Jur 2d, Searches and Seizures § 88.
[3] 68 Am Jur 2d, Searches and Seizures §§ 41-45.
[4] 29 Am Jur 2d, Evidence §§ 408, 412.
    Violation of federal constitutional rule (Mapp v Ohio) excluding
        evidence obtained through unreasonable search and seizure, as
        constituting reversible or harmless error. 30 ALR3d 128.

evidence cannot be justified on the basis of seizure pursuant to a lawful arrest.

2. The trial court clearly erred in its denial of the motion to suppress and in its denial of the motion to quash the information. Under the circumstances, reversal and remand to the trial court for entry of an order quashing the information is mandated.

Reversed and remanded.

M. J. KELLY, P.J., dissented. He would hold that both the investigatory stop and the brief detention of defendant while the officer determined whether the nearby businesses had been burglarized was justified. He would hold that the trial court did not clearly err in denying the motions to suppress the evidence and to quash the information. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — AUTOMOBILES — POLICE OFFICERS — INVESTIGA-
TORY STOPS — SUSPICION — REASONABLENESS.

A police officer may properly stop an automobile which is observed leaving the parking lot of a closed business in the early morning hours for the questioning of the occupant about the oddly timed departure, where the circumstances are such as to create a reasonable suspicion in the mind of the officer.

2. SEARCHES AND SEIZURES — AUTOMOBILES — PLAIN VIEW .— WAR-
RANTS — CONTRABAND — PROBABLE CAUSE.

The warrantless seizure of items observed by a police officer in an automobile cannot be justified on the basis of the plain view doctrine where, although the officer is properly in his viewing position by reason of a valid stop, the items are not inherently illegal in nature and the officer does not have probable cause to believe that the items are connected with a particular crime.

3. SEARCHES AND SEIZURES — AUTOMOBILES — LAWFUL ARREST —
PROBABLE CAUSE.

Seizure of items observed by a police officer in an automobile following a lawful stop cannot be justified on the basis of a seizure pursuant to a lawful arrest where, while the circumstances are sufficient to justify a stop for investigation, the circumstances are not sufficient to establish probable cause to believe that a crime has been committed and that the person detained committed a crime; accordingly, the arrest is illegal and the seizure of the items is likewise illegal.

4. APPEAL — CRIMINAL LAW — EVIDENCE — MOTION TO SUPPRESS —
QUASHING OF INFORMATION.

> It is clearly erroneous for a trial court to deny a motion to
> suppress evidence and to fail to quash an information where
> the defendant was unlawfully arrested and the evidence was
> seized pursuant to that arrest.

DISSENT BY M. J. KELLY, P.J.

5. SEARCHES AND SEIZURES — AUTOMOBILES — POLICE — INVESTIGA-
TORY STOPS — LIMITED DETENTION.

> *The arrest of the driver of an automobile observed exiting from a*
> *closed construction yard in the early hours of a Sunday morn-*
> *ing and the seizure of items observed in the automobile are*
> *proper, since, under these circumstance, a police officer is not*
> *only justified in stopping the automobile for the purpose of*
> *investigation, but is also justified in briefly detaining the driver*
> *until the officer can determine whether any nearby businesses*
> *had been burglarized.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Brook McCray Smith,* for defendant.

Before: M. J. KELLY, P.J., and BRONSON & D. C. RILEY, JJ.

D. C. RILEY, J. Defendant appeals an interlocutory order denying his motion to suppress evidence and to quash the information.

Prior to defendant's arrest for breaking and entering, contrary to MCL 750.110; MSA 28.305, defendant was stopped by a police officer for investigation, and the evidence in question was seized from his automobile. Defendant claims that the stop, seizure and subsequent detention were all

illegal, thus, the denial of his motion was improper.

Defendant first challenges the legality of the police officer's stop. Police officers may "in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest". *Terry v Ohio*, 392 US 1, 22; 88 S Ct 1868; 20 L Ed 2d 889 (1968). Stops may be made to determine a person's identity, *Adams v Williams*, 407 US 143, 146; 92 S Ct 1921; 32 L Ed 2d 612 (1972), or to obtain information on crimes. *Id., People v DeFillippo*, 80 Mich App 197, 202; 262 NW2d 921 (1977), *rev'd on other grounds* 443 US 31; 99 S Ct 2627; 61 L Ed 2d 343 (1979), *People v Jeffries*, 39 Mich App 506, 511; 197 NW2d 903 (1972).

In the instant case, an officer observed defendant's automobile leaving the parking lot of a closed business in the early morning hours. We believe that the officer's stopping of defendant to question him regarding this oddly timed departure was reasonable. *United States v Brignoni-Ponce*, 422 US 873, 879-880; 95 S Ct 2574; 45 L Ed 2d 607 (1975). See *People v Martin*, 94 Mich App 649; 290 NW2d 48 (1980).

While a reasonable suspicion will suffice for a stop, *People v Lillis*, 64 Mich App 64, 70; 235 NW2d 65 (1975), probable cause must exist for any subsequent seizure of persons or objects. *People v Summers*, 407 Mich 432; 286 NW2d 226 (1979). Moreover, the facts upon which the probable cause is premised must exist at the time of the seizure. See *People v Langston*, 57 Mich App 666, 672; 226 NW2d 686 (1975).

In the instant case, we have concluded that the police officer properly stopped the defendant for

questioning. At that time, the officer could see through the window that defendant's car contained some boxes of movies and magazines, a pair of gloves, a screwdriver, a prybar and pliers. The prosecution argued below that the plain view doctrine allowed the arresting officer to lawfully seize these items without a search warrant.

One requirement of the plain view rule is that the officer must properly be in his viewing position. Since there was a valid stop in this case, this threshold element was satisfied. See *People v Whalen,* 390 Mich 672, 679-680; 213 NW2d 116 (1973). However, this exception to the search warrant requirement is also subject to the limitation that the officer must have probable cause to believe that the seized objects are implements or evidence of crime. *People v Young,* 89 Mich App 753, 758; 282 NW2d 211 (1979). Here the officer had no probable cause to believe that he was seizing evidence or implements of crime. Unlike a case where an officer is confronted with contraband or weapons, there is nothing inherently illegal about the items seized. Further, the officer had no knowledge of any reported crime related to the objects, there was no indication of a break-in at the construction company property at which defendant was stopped, and there was little chance that the seized goods—ordinary tools, movies and books —could have been taken from that property. Thus, the seizure cannot be justified under the plain view doctrine.

Another exception to the search warrant requirement is that the seizure be incident to a *lawful* arrest. See *People v Morris,* 66 Mich App 514; 239 NW2d 649 (1976). Although not formally arrested when the items were removed, defendant was for all practical purposes arrested at that

time, since he had been advised of his rights and was being detained in the officer's patrol car. Such seizure-detentions require that an officer have probable cause to believe that an offense has been committed and that the suspect committed it. *Dunaway v New York,* 442 US 200; 99 S Ct 2248; 60 L Ed 2d 824 (1979), *Summers, supra.* Without such probable cause, the arrest is illegal, *Langston, supra,* 672, and the items seized because of the illegal arrest must be excluded. *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963).

A trial court's suppression of evidence ruling is reviewed under a "clearly erroneous" standard. Reversal is mandated where, after reviewing all the evidence, the appellate court believes that a vital error has been committed. *People v Goss,* 89 Mich App 598, 601; 280 NW2d 608 (1979).

In the case before us, we believe that the trial court erred in refusing to suppress the evidence or quash the indictment. At the time of defendant's arrest, there was no probable cause to link either defendant or the seized items to any particular crime. The arrest and seizure were in clear violation of the law at the time of the lower court's ruling, *Young, supra,* 758, *People v Harold Williams,* 63 Mich App 398; 234 NW2d 541 (1975), and as subsequently clarified. *Dunaway, supra, Summers, supra.* Therefore, reversal is mandated.

Reversed and remanded to allow the trial judge to quash the information.

BRONSON, J., concurred.

M. J. KELLY, P.J. *(dissenting).* This case presents a very close question, but we review the trial court's ruling under the "clearly erroneous" stan-

dard. I would say that the trial court's ruling in this case is not clearly erroneous.

Since the majority agrees that the initial stop was justified, the plain view doctrine was properly invoked and certainly the officer's suspicions were properly aroused.

The defendant had exited from a closed construction yard in the early hours of Sunday morning. He was visibly perspiring. The officer saw a prybar, a flashlight, cotton gloves, a screwdriver and three plastic bags of magazines and boxes of movies. It seems to me a short detention to determine if two nearby businesses, a bookstore and a theater, had been burglarized was justifiable under the circumstances. See *United States v Richards,* 500 F2d 1025 (CA 9, 1974). This is more an example of good police work than of an unwarranted, unconstitutional intrusion on the defendant's right to privacy. I do not think the trial court's ruling was clearly erroneous. I believe leave to appeal was unwarranted and I would remand this case for trial.