WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

(PEOPLE v LEWIS)

Docket No. 45668. Submitted March 10, 1980, at Detroit.—Decided October 7, 1980.

Richard C. Lewis was charged with possession of heroin with intent to deliver. A magistrate, upon conclusion of a preliminary examination, suppressed the sole incriminating piece of evidence against defendant and dismissed the charge. The prosecutor brought a complaint for an order of superintending control, seeking to vacate the magistrate's decision. Wayne Circuit Court, Richard D. Dunn, J., denied relief. The people appeal. *Held:*

The magistrate's decision to suppress the evidence was clearly erroneous. Based on the testimony presented, the officer had probable cause to seize the evidence.

Reversed.

T. M. Burns, J., dissented. He would hold that the police officer's actions were unreasonable in that his confiscation of and search for the evidence was not based on probable cause, but on mere suspicion. Thus, the magistrate did not clearly abuse his discretion in holding that the evidence was illegally obtained and in dismissing the case. He would affirm.

Opinion of the Court

1. Criminal Law — Searches and Seizures — Probable Cause — Narcotics.

A police officer's knowledge based on past experience that tinfoil packets or coin envelopes often contain narcotics provides the strongest support for the finding of probable cause to seize such a packet or coin envelope.

References for Points in Headnotes

[1, 4] 68 Am Jur 2d, Searches and Seizures § 43.

[2] 5 Am Jur 2d, Appeal and Error § 797.

[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 44-47.

DISSENT BY T. M. BURNS, J.

2. APPEAL — SUPPRESSION OF EVIDENCE — STANDARD OF REVIEW.

The Court of Appeals will not reverse a ruling by a trial court suppressing evidence unless that ruling is found to be clearly erroneous.

3. CRIMINAL LAW — NARCOTICS — REASONABLE BELIEF OF POSSESSION.

The mere possession of coin envelopes does not give rise to a reasonable belief that the possessor is using them to store narcotics.

4. CRIMINAL LAW — SEARCHES AND SEIZURES — SUSPICION OF CRIMINAL ACTIVITY — PROBABLE CAUSE.

The mere observance by a police officer of coin envelopes in the possession of a suspect, with nothing more, may give rise to some suspicion that criminal activity may be afoot, but not the probable cause required by the Constitution for confiscation and search of the envelopes.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy C. Scallen,* Assistant Prosecuting Attorney, for the people.

Before: BRONSON, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

BRONSON, P.J. The facts are well stated in the dissenting opinion and need not be repeated here. The issue in this case is whether the magistrate's decision to suppress the sole incriminating evidence in this case was clearly erroneous. In this regard, we believe the point on which this case turns is the testimony of the arresting officer, who stated that he had encountered coin envelopes of the type seized here 800 or 900 times in the same general area during his experience as a police officer and that such envelopes usually contained heroin. Based on this testimony, which is additionally supported by a countless number of cases yearly confronting both the trial and appellate bench, it is or should be clear by now that coin

envelopes of the sort seized from the defendant are not simply innocuous, folded pieces of paper.

This Court stated in *People v Ridgeway,* 74 Mich App 306; 253 NW2d 743 (1977), *lv den* 401 Mich 831 (1977), that an officer's knowledge that tinfoil packets often contained narcotics provided the strongest support for a finding of probable cause to seize such a packet. Although it is true that the officers in *Ridgeway* also smelled the odor of burning marijuana, the significance of this added factor was slight. *Id.,* 313-314. See *People v Young,* 89 Mich App 753, 764-766; 282 NW2d 211 (1979), *lv den* 407 Mich 877 (1979) (GILLIS, J., dissenting).

Accordingly, we hold the magistrate's decision to suppress the evidence to be clearly erroneous. Based on the testimony presented, the officer had probable cause to seize the coin envelopes.

Reversed.

V. J. BRENNAN, J., concurred.

T. M. BURNS, J., *(dissenting).* On the evening of December 17, 1977, Richard Lewis was arrested and charged with possession of heroin with intent to deliver. MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). At the conclusion of his preliminary examination on January 30, 1978, the charges lodged against Lewis were dismissed by the magistrate who suppressed the sole incriminating evidence against defendant. Pursuant to a writ of superintending control, the prosecutor sought review of the magistrate's decision, and in an opinion dated May 31, 1979, the circuit court denied relief. The people now appeal.

Our examination of the record discloses that, on the evening of December 17, 1977, Detroit police officers were called to the Pallister Motel and told that there were unauthorized persons using one of

the motel rooms. A police officer went to the motel room, knocked on the door, and was let into the room by Lewis. Once inside the room, the officer observed a plastic bag containing coin envelopes on the bed. The officer immediately confiscated the envelopes, opened one of them, and observed in it some off-white powder which he believed to be heroin. Lewis was arrested and, following a subsequent custodial search, was found to have three more such coin envelopes in his possession.

In his February 1, 1978, opinion suppressing this evidence and dismissing the case, the magistrate held that the police officer's actions were unreasonable in that his confiscation and search of the envelopes was not based upon probable cause but, rather, on mere suspicion. I agree.

This Court will not reverse a ruling suppressing evidence unless that ruling is found to be clearly erroneous. *People v Young,* 89 Mich App 753; 282 NW2d 211 (1979). In *People v Falconer,* 76 Mich App 367; 256 NW2d 597 (1977), this Court held that a magistrate did not err in suppressing evidence where the sole ground for the arrest of the defendant and the subsequent search that uncovered the evidence was a police officer's suspicion that manila coin envelopes contained narcotics. The Court reasoned that a police officer's suspicion that manila coin envelopes, which were being exchanged by the defendant for money, contained narcotics did not of itself constitute probable cause either for the arrest of the defendant or a search of the defendant's car. See also, *Young, supra, People v Reeves,* 23 Mich App 183; 178 NW2d 115 (1970).

Unlike the situation in the cases of *People v Ridgeway,* 74 Mich App 306; 253 NW2d 743 (1977), where this Court held that the police did have

probable cause to seize and examine a tin foil packet observed near a defendant, and *People v Kincaid,* 92 Mich App 156; 284 NW2d 486 (1979), where this Court held that the police had probable cause to approach and search a defendant whom they saw passing white coin envelopes, the police in this case did not have any additional information such as the smell of marijuana *(Ridgeway)* or the defendant's furtive gesture *(Kincaid)* to support their suspicion that defendant was engaged in narcotics trafficking. The mere possession of coin envelopes does not give rise to a reasonable belief that the possessor has narcotics in them. The police officer in this case admitted that, after having been let into the motel room by Lewis, he immediately confiscated coin envelopes that he saw lying on the bed without observing any other suspicious activity.

Whether the magistrate believed that the police officer's prior experience with "coin envelopes" did not give rise to probable cause to seize the envelopes under the facts in this case or whether he simply chose to discount the credibility of the police officer, I do not know. In any event, I cannot say that the magistrate clearly abused his discretion when he held that this evidence was illegally obtained and dismissed this case. The mere seeing of coin envelopes, with nothing more, may give rise to some suspicion that criminal activity may be afoot, but suspicion alone is insufficient. The Constitution requires probable cause.

I would affirm.