WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

Docket No. 48762. Submitted June 25, 1980, at Detroit.—Decided October 30, 1980.

Rodney Veal was charged with delivery of heroin, and Murphy Lloyd was charged with possession of heroin. At the preliminary examination, conducted by Detroit Recorder's Court Judge Evelyn K. Cooper, acting in the capacity of a magistrate, the charges against both defendants were dismissed. The magistrate found that the arresting officer's observation of Lloyd receiving a coin envelope from Veal in exchange for money did not provide the officer with probable cause to arrest the two. The prosecutor brought an action in Wayne Circuit Court seeking an order of superintending control. Richard D. Dunn, J., denied the request and dismissed the complaint for superintending control. The prosecutor appeals. *Held:*

The arresting officer's observations of the defendants, along with his experience and knowledge of the common use of coin envelopes in narcotics trafficking, his duties as a narcotics officer, and the fact that the incident occurred in an area known for its high narcotics activity, was sufficient to support a finding of probable cause. Failure to bind the defendants over for trial was an abuse of the magistrate's discretion.

Reversed and remanded for trial.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — PROBABLE CAUSE.

The people are required to show at a preliminary examination that a crime has been committed and, if so, that there is probable cause to believe the defendant committed it.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — MAGISTRATES.

It is the duty of an examining magistrate to bind a defendant over for trial if at the conclusion of the preliminary examina-

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law §§ 443, 449, 450.

[4] 5 Am Jur 2d, Appeal and Error §§ 772-775.

75 Am Jur 2d, Trial § 30.

[5] 5 Am Jur 2d, Arrest § 24.

tion it appears that a felony has been committed and that there is probable cause to believe that the defendant committed it.

3. CRIMINAL LAW — PRELIMINARY EXAMINATION — EVIDENCE — ELEMENTS OF OFFENSE.

Positive proof of guilt is not required at a preliminary examination; however, there must be evidence on each element of the crime charged or evidence from which those elements may be inferred.

4. SUPERINTENDING CONTROL — APPEAL — MAGISTRATES — DISCRETION.

A trial court's denial of an order of superintending control over an examining magistrate is within the discretion of the trial court and, absent an abuse of that discretion, will not be disturbed on appeal by the Court of Appeals.

5. ARREST — PROBABLE CAUSE — NARCOTICS OFFENSES — OFFICER'S EXPERIENCE.

An arresting officer's experience in narcotics law enforcement should be respected by an examining magistrate when determining whether probable cause existed for an arrest based upon the officer's suspicion of illegal narcotics transactions.

*William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for plaintiff.

*Alphonso R. Harper* (by *Leslie D. Page),* for defendant.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

PER CURIAM. Defendant Rodney Veal was charged with one count of delivery of heroin, MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a). Defendant Murphy Lloyd was charged with one count of knowingly or intentionally possessing heroin, MCL 333.7403(1); MSA 14.15(7403)(1).

* Circuit judge, sitting on the Court of Appeals by assignment.

During the preliminary examination the magistrate dismissed the charges against both defendants for want of probable cause to arrest and because of the illegality of the subsequent search. The people filed a complaint for an order of superintending control to vacate the magistrate's dismissal of the case. Judge Richard D. Dunn denied the people's request and dismissed the complaint for superintending control. The people appeal as a matter of right pursuant to GCR 1963, 806.1, alleging that the magistrate abused her discretion by failing to bind the defendants over for trial.

At the preliminary examination, the people are required to show that a crime has been committed and, if so, that there is probable cause to believe the defendant committed it. *People v Duncan,* 388 Mich 489, 499; 201 NW2d 629 (1972). *People v Charles D Walker,* 385 Mich 565; 189 NW2d 234 (1971).

It is the duty of the magistrate to bind the defendant over for trial if it appears at the conclusion of the preliminary examination that a felony has been committed and there is probable cause to believe that the defendant committed it. *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979).

The sufficiency of the evidence produced at a preliminary examination was discussed in *People v Oster,* 67 Mich App 490, 495; 241 NW2d 260 (1976), wherein a panel of this Court stated:

"It is axiomatic that at the preliminary examination the prosecutor must show that the offense charged has been committed. While positive proof of guilt is not required, *People v Martinovich,* 18 Mich App 253, 257; 170 NW2d 899 (1969), there must be evidence on each element of the crime charged or evidence from which those elements may be inferred * * * *People v Juniel,* 62 Mich App 529, 536; 233 NW2d 635 (1975)."

In reviewing the decision of the magistrate, a superintending court does not substitute its judgment or discretion for that of the magistrate. It examines the record to determine whether there was an abuse of discretion amounting to a failure to perform a clear legal duty. If such is the case, the superintending court orders the magistrate to perform his or her duty. The denial of an order of superintending control is within the discretion of the trial court and, absent an abuse of discretion, will not be disturbed by this Court on appeal. *Attorney General v Recorder's Court Judge,* 92 Mich App 42; 285 NW2d 53 (1979).

At the preliminary examination, police officer Kevin Green, assigned to the narcotics section for approximately two years, testified that at about noon on January 8, 1979, he and his partners were in plain clothes and on routine patrol in an unmarked car in the area of Beaubien and Alfred. They had been assigned to patrol this area because it was a district known to have a high incidence of narcotics traffic. While driving south on Beaubien, Officer Green, from approximately 20 feet away, saw Lloyd hand Veal a quantity of money and receive from Veal a $2'' \times 2''$ opaque coin envelope. Lloyd placed this envelope in his pocket and started to cross the street.

After observing this exchange, Officer Green stopped his car, approached Lloyd, made an arrest, removed the coin envelope from his person, opened it and found an off-white powder which he believed to be heroin. Officer Green then told his fellow officers to arrest Veal. For the purpose of the preliminary examination the prosecutor and defense counsel stipulated that the coin envelope contained 0.9 grams of powder containing heroin.

The people contend that an arresting officer's

suspicion that illegal activity is taking place may be elevated to the level of probable cause when: (1) the arresting officer observes the defendants exchange currency for a coin envelope and (2) the officer knows from prior experience that illicit drug transfers are accomplished in such a manner.

In *People v Falconer,* 76 Mich App 367; 256 NW2d 597 (1977), the arresting officer was on duty "on observation for narcotics activity" when on two occasions he saw unknown males walk up to the defendant and hand him money. Both times the defendant walked to a car, unlocked the passenger door and removed a manila coin envelope from the car. After this occurred a third time, the officer arrested the defendant and searched him. When the search produced neither a weapon nor contraband, the officer removed a key from the defendant's pocket, unlocked the car door and seized a bag containing heroin. A panel of this Court upheld the lower court's dismissal of the case, stating that probable cause either for the arrest of the defendant or for the search of the car did not exist since "[t]he sole ground of the arrest and search was the officer's *suspicion* that the manila coin envelopes contained narcotics". *Id.,* 369. (Emphasis added.)

In finding the search and subsequent seizure of the coin envelopes unlawful the *Falconer* Court pointed out:

"There was no testimony that the officer was in possession of any information from any source linking the defendant, any of the persons who approached the defendant, the car, or the locality, with prior narcotics involvement." *Id.*

Presumably, testimony establishing one or more of the above circumstances would have elevated the

officer's suspicion to probable cause for the arrest of defendant and the subsequent search of defendant's car.

In the instant case the surveillance took place in what was known as an area in which frequent and numerous narcotics transactions occurred. Moreover, the arresting officer had prior experience in narcotics law enforcement and thus was very much aware of the customary manner of packaging and transporting heroin. In fact, Officer Green testified that in the past he had observed that similar envelopes contained heroin.

The importance of such experience and the vital role which the magistrate should allow it to play when the evidence is examined to determine whether probable cause exists is illustrated by *People v Ridgeway,* 74 Mich App 306, 314; 253 NW2d 743 (1977):

> "We now consider the strongest support for a finding of probable cause, *viz.,* the officer's knowledge that tinfoil packets like the one on the floor of the car often contain narcotics. *Given the officer's experience in narcotics law enforcement, his suspicion that the packet contained some controlled substance must be respected.* The question is extremely close, but we believe that the officer did have probable cause to believe that the packet contained a controlled substance.
>
> "Given that the seizure and search were proper, the officer obviously had probable cause to make a warrantless arrest for possession of a controlled substance." (Emphasis added.)

We find that the arresting officer's observations of the two defendants, his duties as a narcotics officer, his experience and knowledge of the common use of coin envelopes in drug trafficking, his personal observation of the actual delivery and exchange of currency, and the fact that this inci-

dent occurred in an area known for its high narcotics activity, were clearly sufficient to support a finding of probable cause. Thus the examining magistrate abused her discretion in failing to bind defendants over as charged.

Reversed and remanded for trial.