PEOPLE v ALLEN ALEXANDER

Docket No. 50112. Submitted May 20, 1981, at Detroit.—Decided
    November 19, 1981.

Allen G. Alexander, Jr., was charged with possession of heroin
    and was bound over for trial. He moved to quash the informa-
    tion, which motion was granted, Detroit Recorder's Court,
    Warfield Moore, Jr., J. The people appeal by leave granted.
    *Held:*

The record reveals that the arresting officer had probable
    cause to search and arrest the defendant and to seize the
    suspected heroin container. The Court of Appeals cannot say,
    as a matter of law, that the examining magistrate abused his
    discretion in binding over the defendant for trial. The trial
    court erred in quashing the information.

Reversed and remanded.

1. PRETRIAL PROCEDURE — CRIMINAL LAW — EXAMINING MAGIS-
    TRATES — ABUSE OF DISCRETION.

The exercise of discretion by an examining magistrate in binding
    over a criminal defendant for trial, to constitute an abuse of
    discretion, must be so palpably and grossly violative of fact and
    logic that it evidences not the exercise, but the perversity of
    will, not the exercise of judgment, but the defiance thereof, and
    not the exercise of reason, but rather is the result of passion or
    bias.

2. SEARCHES AND SEIZURES — ARREST — PROBABLE CAUSE — CON-
    TROLLED SUBSTANCES.

An observation by a police officer, experienced in narcotics law
    enforcement, of a container of the type commonly used in drug
    trafficking and of a furtive gesture by a person in possession of
    the container may provide probable cause to believe that the
    person has a controlled substance in his possession justifying a
    search and arrest of the person and a seizure of the container.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judges § 167.
[2] 68 Am Jur 2d, Searches and Seizures §§ 23, 42, 43.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Paul G. Bruno,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and T. M. BURNS and R. H. PANNUCCI,* JJ.

PER CURIAM. Defendant was arrested on April 30, 1979, and charged with possession of a controlled substance, heroin, MCL 333.7403(2)(a); MSA 14.15(7403)(2)(a). On May 10, 1979, defendant was bound over for trial. The people appeal by leave granted an order of June 29, 1979, quashing the information filed against defendant-appellee, Allen G. Alexander, Jr.

Testimony during the preliminary examination revealed that officer Madison and his partner, in plain clothes, received information that an individual was selling marijuana on the corner of Alfred and St. Antoine Streets in the City of Detroit. Upon arriving at the corner, the officers observed this individual flagging down vehicles and receiving money. When the last car drove away, the officers approached and chased the man who stopped running approximately six feet from defendant.

Officer Madison testified that he observed defendant stuff a manila envelope into the waistband of his pants. Madison and his partner approached defendant, identified themselves as police officers, retrieved the envelope, opened it, and discovered a substance stipulated by the parties to be 9.7 grams

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of heroin. Officer Madison further testified that he had never retrieved such an envelope which did not contain narcotics.

The question presented on appeal is whether the examining magistrate abused his discretion in binding over the defendant for trial. The test to be applied for review of an abuse of discretion is set out in *People v Talley,* 410 Mich 378, 387; 301 NW2d 809 (1981), as follows:

" 'Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.' "

That an observation by police officers of a container such as a manila envelope and a furtive gesture can provide probable cause to believe that a person has a controlled substance in his possession which would justify a search and arrest of that person has been addressed by this Court.

In *Wayne County Prosecutor v Recorder's Court Judge,* 101 Mich App 772, 777-778; 300 NW2d 516 (1980), the Court found that

"the arresting officer's observations of the two defendants, his duties as a narcotics officer, his experience and knowledge of the common use of coin envelopes in drug trafficking, his personal observation of the actual delivery and exchange of currency, and the fact that

this incident occurred in an area known for its high narcotics activity, were clearly sufficient to support a finding of probable cause."

Although in Alexander's case there was no testimony indicating that defendant exchanged money for the envelope, the other factors were present.

In *Wayne County Prosecutor v Recorder's Court Judge,* 100 Mich App 518; 299 NW2d 63 (1980), the point on which the case turned was that the arresting officer testified that he had encountered coin envelopes of the type seized here 800 or 900 times in the same general area during his experience as a police officer and that such envelopes usually contained heroin. Further the Court stated:

"Based on this testimony, which is additionally supported by a countless number of cases yearly confronting both the trial and appellate bench, it is or should be clear by now that coin envelopes of the sort seized from the defendant are not simply innocuous, folded pieces of paper." *Id.,* 519-520.

In the present case, officer Madison testified that he had retrieved envelopes such as that retrieved from the defendant before and that he never had retrieved one that did not contain narcotics.

With regard to the furtive gesture, in *People v Young,* 89 Mich App 753; 282 NW2d 211 (1979), the gesture involved was the dropping of a tinfoil packet onto the floor of an automobile. The Court in *Young* stated:

"This gesture, combined with the suspicion aroused by the tinfoil packet, may have been sufficient to establish probable cause." *Id.,* 762.

The gesture in the instant case, stuffing a manila

envelope in the waistband of pants, is more evasive than the gestures in the cases where an item is merely dropped.

In conclusion, the officer's observation of the envelope and his knowledge of the common use of such envelopes in drug trafficking, coupled with defendant's gesture of putting the envelope in the waistband of his pants, constituted probable cause to search and arrest defendant. This Court cannot say, as a matter of law, that the magistrate abused his discretion in binding over the defendant for trial. Thus, the trial court erred in quashing the information.

Reversed and remanded.