PEOPLE v HOUSER

Docket No. 86033. Submitted February 12, 1986, at Detroit. Decided March 28, 1986.

Orslow Houser was charged with possession of a controlled substance, i.e., ten tablets containing codeine. Defendant moved in Recorder's Court of Detroit to suppress the evidence seized at the time of his arrest and to dismiss the information. The arresting officer testified at the hearing on the motion that, while in an area known to have a lot of illegal drug activity, he observed another man drop several white pills into defendant's hand and then put a plastic vial in his pocket. Defendant then put the pills in his pants pocket. The officer stopped the men, conducted a pat-down search and retrieved three prescription medicine vials from the man who had given defendant the pills and ten tablets from defendant, which the officer, on the basis of past experience, recognized as being Tylenol 4. The trial court, Michael F. Sapala, J., while being convinced that the officer's testimony was true and that the officer "had absolutely every reason to believe that what he saw was a dope deal going down", held that there was not probable cause for the search of defendant because the officer did not see any money being exchanged, suppressed use of the evidence seized during the search and dismissed the case. The prosecution appealed. *Held:*

1. Given the location at which the transaction took place, the officer, on the basis of his past experience, could reasonably conclude that the pills received by defendant from the prescription vial were a controlled substance not prescribed to the defendant.

2. The search and seizure without a warrant was also justified by the exigent circumstances, since any delay in acting

REFERENCES

Am Jur 2d, Evidence §§ 410-418, 425-427.

Am Jur 2d, Searches and Seizures §§ 21, 23, 41 *et seq.,* 58.

Lawfulness of seizure of property used in violation of law as prerequisite to forfeiture action or proceeding. 8 ALR3d 473.

See also the annotations in the ALR3d/4th Quick Index under Exclusion or Suppression of Evidence.

would undoubtedly have resulted in the destruction of the evidence.

Reversed and remanded.

1. APPEAL — CRIMINAL LAW — EVIDENCE — SUPPRESSION OF EVIDENCE.

A trial court's ruling on a motion to suppress evidence will not be overturned on appeal unless it is clearly erroneous; a ruling is clearly erroneous where the reviewing court is firmly convinced that a mistake has been made.

2. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW.

The determination of the constitutionality of a search and seizure without a warrant involves a two-part inquiry: (1) whether there is probable cause for the search and seizure; and (2) if so, whether an exception to the warrant requirement exists.

3. SEARCHES AND SEIZURES — PROBABLE CAUSE.

Probable cause to search exists where facts and circumstances would warrant a person of reasonable prudence to believe that a crime has been or is being committed and that the evidence sought will be found in the stated place.

4. SEARCHES AND SEIZURES — PROBABLE CAUSE.

Facts, circumstances and information known to police officers at the time of a search must be examined in assessing whether probable cause exists for such search.

5. SEARCHES AND SEIZURES — PROBABLE CAUSE — EXIGENT CIRCUMSTANCES.

The "exigent circumstances" exception to the rule that a search and seizure without a warrant is unreasonable per se unless shown to fall within one of the various exceptions to the warrant requirement provides that when the police have probable cause to believe that a search of a certain place will produce specific evidence of a specific crime there is no need for a warrant if the police also have probable cause to believe that an immediate search without a warrant is necessary in order to (1) protect the officers or others, (2) prevent the loss or destruction of evidence, or (3) prevent the escape of the accused.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Andrea L. Solak,* Principal Attorney, Appeals, for the people.

*James F. Piazza,* for defendant.

Before: MacKenzie, P.J., and Cynar and G. T. Martin,* JJ.

Per Curiam. Following a preliminary examination, defendant was bound over to Recorder's Court for trial on a charge of possession of a controlled substance, i.e., ten tablets containing codeine, MCL 333.7403(1)(2)(b); MSA 14.15(7403)(1)(2)(b). The people appeal as of right from an order of Recorder's Court Judge Michael F. Sapala granting defendant's motion to suppress evidence and dismiss the information. We reverse and remand.

The only testimony given at an evidentiary hearing on defendant's motion was by Officer Ciers, a Detroit police officer with fifteen years experience, including four years with the narcotics section of the Detroit police. On October 10, 1984, he was assigned to monitor narcotics activity in the area of Linwood and Buena Vista, an area known to the police as having narcotics activity. The officer observed defendant and two other persons standing together. As the officer approached the group, he saw one of the men, Ballard, drop from a distance of a few inches several white pills into defendant's hand and put a plastic vial into his own left pocket. Defendant then placed the pills in his left pants pocket. Ciers did not see money exchanged. The officer stopped the three men and conducted a weapons pat-down, and then retrieved from Ballard's left pocket three prescription medicine vials and a Blue Cross card in the name of Earline Murray. Ciers then retrieved ten pills from defendant's left pocket. Inspection revealed

---

* Retired circuit judge, sitting on the Court of Appeals by assignment.

the tablets to be Tylenol 4. Ciers testifed that, although he was not certain, he believed that the pills were part of a narcotics transaction. He stated that his experiences at the location led him to believe the tablets were Tylenol 4.

Based upon the above testimony (which the judge was "convinced" was true), the court ruled that, although the officer "had absolutely every reason to believe that what he saw was a dope deal going down", the transfer of the white pills without an exchange of money was "not quite enough yet for probable cause" to search defendant's pocket and accordingly ordered the narcotics evidence suppressed and the case dismissed.

Appellate review of a grant or a denial of a motion to suppress evidence is made under the "clearly erroneous" standard. *People v Burrell,* 417 Mich 439; 339 NW2d 403 (1983); *People v Jackson,* 123 Mich App 423; 332 NW2d 564 (1983). A finding is clearly erroneous where, although there is evidence to support it, the reviewing court is firmly convinced that a mistake has been made. *People v Goss,* 89 Mich App 598; 280 NW2d 608 (1979). We are left with such a conviction and reverse.

To determine the constitutionality of a search and seizure without a warrant, a two-part inquiry must be followed: (1) whether there is probable cause for the search and seizure; and (2) if so, whether an exception to the warrant requirement exists. *People v Julkowski,* 124 Mich App 379, 382; 335 NW2d 47 (1983).

Probable cause to search exists where facts and circumstances would warrant a person of reasonable prudence to believe that a crime has been or is being committed and the evidence sought will be found in a certain place. See *People v Whittie,* 121 Mich App 805; 329 NW2d 497 (1982). In assessing

whether probable cause exists, the facts, circumstances and information known to the officer at the time of the search must be examined. *People v Rodriguez,* 83 Mich App 606; 269 NW2d 199 (1978).

In the present case, the police officer, who had four years experience monitoring narcotics activity, observed Ballard drop several white pills into defendant's hand and then place a plastic prescription medicine vial into his own pocket. Defendant placed the loose pills in his pocket. From these actions, a person of reasonable prudence would be justified in believing that the pills defendant received were a prescription drug. Since the pills were dropped into defendant's hand and Ballard retained the vial, a reasonably prudent person would also be justified in believing that Ballard was not simply a custodian turning over to defendant pills directly prescribed to defendant. The officer had prior experience which suggested that such pills contained a controlled substance. This Court has held that such experience is strong support for a finding of probable cause to search a suspect. See *Wayne County Prosecutor v Recorder's Court Judge,* 100 Mich App 518, 520; 299 NW2d 63 (1980), where this Court emphasized the fact of a police officer's experience in monitoring narcotics activity in finding probable cause to search the defendant. See, also, *Wayne County Prosecutor v Recorder's Court Judge,* 101 Mich App 772, 777; 300 NW2d 516 (1980). Information linking the locality with prior narcotics activity likewise tends to support a finding of probable cause. *Id.* Here, the officer stated that he had experienced prior transactions of controlled substances, particularly Tylenol 4, in the same location. Although the possibility existed that the pills Ciers saw defendant receive were a noncontrolled substance such as aspirin, particularly in light of

the fact that no money was exchanged, we are not persuaded that this negates the officer's justified conclusion that defendant was wrongfully in possession of a controlled substance. While the totality of the circumstances prior to the search did not constitute proof beyond a reasonable doubt that defendant was in possession of a controlled substance, they would allow a person of reasonable caution to believe that an offense was being committed. See *People v Sizemore,* 132 Mich App 782, 788; 348 NW2d 28 (1984).

We also conclude that this search and seizure without a warrant falls within the exigent circumstances exception to the warrant requirement. The exigent circumstances exception provides that, when an officer has probable cause to believe that a search of a certain place will produce specific evidence of a crime, there is no need for a warrant if the officer also has probable cause to believe that an immediate warrantless search is necessary in order to (1) protect the officer or others, (2) prevent the loss or destruction of evidence, or (3) prevent the escape of the accused. *People v Dugan,* 102 Mich App 497, 503; 302 NW2d 209 (1980), lv den 411 Mich 989 (1981). In this case, the officer was on patrol alone. If the officer had left to obtain a search warrant, the pills would no doubt have been disposed of and defendant would have fled. The urgency of the situation, combined with the potential destructibility of the pills, present sufficient exigent circumstances to obviate the necessity for a warrant.

Reversed and remanded.