PEOPLE v WOODLAND OIL COMPANY, INC

Docket Nos. 77142, 77560. Submitted October 1, 1985, at Grand
Rapids. Decided August 5, 1986.

The Attorney General charged Woodland Oil Company, Russell
Milligan, Ron Ayers, Dale Johnson, doing business as Johnson
Oil, Inc., Orth Oil, Inc., Kenneth Orth, Ronald Orth, Imperial Oil
Company, Lewis Johnson, Gilbert Service Oil Company, and
others with conspiracy to fix retail motor vehicle fuel prices. At
the preliminary examination a great deal of testimony was
presented by certain alleged coconspirators (who had agreed to
give testimony in exchange for immunity) about conversations
that took place among various defendants with respect to
setting prices and about keeping prices stable. The district
court concluded that the bulk of the people's evidence was
hearsay. The court recognized that hearsay evidence is admissi-
ble only after the existence of a conspiracy had been proved by
independent evidence and found that, absent the hearsay evi-
dence, inconclusive circumstantial evidence remained. The
court quashed the information. The Attorney General appealed.
The Grand Traverse Circuit Court, William R. Brown, J.,
affirmed. The Attorney General appealed. Orth Oil, Inc., Ken-
neth Orth, Ronald Orth, Dale Johnson, Ron Ayers, Imperial Oil
Company, Lewis Johnson and Gilbert Service Oil Company
cross-appealed. Woodland Oil Company and Russell Milligan
both appealed and cross-appealed by leave granted. The appeals
were consolidated by the Court of Appeals. *Held:*

1. A magistrate's decision to bind a defendant over for trial is
reviewed by the Court of Appeals for a determination of
whether the magistrate abused his discretion. The exercise of
discretion by an examining magistrate in binding over a crimi-
nal defendant for trial, to constitute an abuse of discretion,
must be so palpably and grossly violative of fact and logic that

REFERENCES

Am Jur 2d, Conspiracy § 45.

Am Jur 2d, Criminal Law §§ 411-420.

Propriety of consideration of credibility of witness in determining
probable cause at state preliminary hearing. 84 ALR3d 811.

Comment note on necessity and sufficiency of independent evidence
of conspiracy to allow admission of extrajudicial statements of co-
conspirators. 46 ALR3d 1148.

it evidences not the exercise, but the perversity of will, not the exercise of judgment, but the defiance thereof, and not the exercise of reason, but rather is the result of passion or bias.

2. The statements of a defendant's coconspirators are not admissible as evidence against the defendant until the prosecutor has independently established the existence of a conspiracy.

3. The examining magistrate did not abuse his discretion in quashing the information.

Affirmed.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — APPEAL.

A magistrate's decision to bind a defendant over for trial is reviewed by the Court of Appeals for a determination of whether the magistrate abused his discretion.

2. CRIMINAL LAW — ABUSE OF DISCRETION — PRELIMINARY EXAMINATIONS.

The exercise of discretion by an examining magistrate in binding over a criminal defendant for trial, to constitute an abuse of discretion, must be so palpably and grossly violative of fact and logic that it evidences not the exercise, but the perversity of will, not the exercise of judgment, but the defiance thereof, and not the exercise of reason, but rather is the result of passion or bias.

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS.

An examining magistrate must be satisfied that there is sufficient evidence that an offense has been committed and there is probable cause to believe that the defendant or defendants committed it; the magistrate has the duty to pass judgment on the credibility of witnesses as well as the weight and competency of the evidence, but should not take the place of a trier of fact and discharge a defendant when the evidence conflicts or there is reasonable doubt of the defendant's guilt.

4. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — PROBABLE CAUSE.

A magistrate's inquiry into probable cause at a preliminary examination is not limited to whether the prosecution has presented evidence on each element of the offense but extends rather to whether probable cause exists after an examination of the whole matter.

5. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — EVIDENCE.

An examining magistrate may consider only legally admissible evidence in reaching a decision to bind a defendant over for trial.

6. CONSPIRACY — WITNESSES — COCONSPIRATORS — RULES OF EVIDENCE.

The statements of a defendant's coconspirators are not admissible

as evidence against the defendant until the prosecutor has independently established the existence of a conspiracy (MRE 801[d][2][E]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *William E. Molnar, Richard T. O'Neill* and *Edwin M. Bladen,* Assistant Attorneys General, for the people.

*Stewart A. Christian,* for defendant Gilbert Service Oil Company.

*Weller, Cella & Simmons* (by *Robert F. Cella*), for defendants Don Foster Oil Company and Richard Bruner.

*Brott, Conaway & Kipley, P.C.* (by *Robert W. Brott*), for defendant Ronald Ayers.

*Michael D. Lewis, P.C.* (by *Michael D. Lewis*), for Orth Oil, Inc., Kenneth Orth and Ronald Orth.

*Bensinger & Combs, P.C.* (by *Michael D. Combs*), for Dale Johnson.

*Honigman, Miller, Schwartz & Cohn* (by *James K. Robinson, David A. Ettinger* and *Brian D. Figot*), and *Running, Wise & Wilson* (by *T. J. Phillips, Jr.*), for Schmuckal Oil Company.

*Reynolds H. Campbell,* for Imperial Oil and Lewis Johnson.

*Barris, Sott, Denn & Driker* (by *Eugene Driker* and *Charles S. Rudy*), for W. R. Milligan.

*Coulter, Cunningham, Davison & Read* (by *Terrence J. Raven*), for Woodland Oil Company, Inc.

*Graff & Hunt* (by *Rex O. Graff, Jr.*), for William Blair.

Before: DANHOF, C.J., and MACKENZIE and J. L. BANKS,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

J. L. Banks, J. Leave having been granted, the people appeal an order of the Grand Traverse Circuit Court which affirmed an order of dismissal in the 86th District Court. Delayed appeal was granted for a cross-appeal filed by defendant Woodland Oil Company, which seeks review of earlier interlocutory rulings, not the order of the circuit court.

Defendants are distributors and retailers of gasoline and oil products in the Traverse City and Northern Lower Peninsula markets. The Attorney General charged defendants with conspiracy to fix the retail price of motor vehicle fuel, MCL 750.558; MSA 28.826, alleging that in late 1976 or early January, 1977, defendants Orths, Gordon Grapes, Ronald Ayers, Lewis Johnson and Imperial Oil Company held meetings to agree upon the retail price of motor vehicle fuel to be sold to consumers at retail outlets in the Traverse City market. Woodland Oil Company, Russell Milligan, and Schmuckal Oil Company also allegedly joined the other defendants in their agreement to fix prices in 1978.

At about the same time, these defendants also allegedly entered into agreements through communications with defendants Foster, Bruner, Nelson, Blair and Dale Johnson to expand the conspiracy beyond Traverse City to markets in the general Northern Michigan area. The complaint further alleges that, from 1978 until the date of the complaint, defendants

> conducted a reciprocal exchange of wholesale and retail price information between each other by having their employees or each other conduct surveys of each other's prices in order to monitor and police their understandings, agreements and conspiracy to control, fix, stabilize and maintain the retail prices of motor vehicle fuel in the Traverse City market, as well as in the market surrounding Traverse City, including the environs of

the County of Grand Traverse and surrounding and contiguous counties.

Finally, it is charged that the defendants made personal visits to retail dealers in Grand Traverse and other counties for the purpose of discussing retail prices and to convince or coerce these dealers to adhere to defendants' price changes as they were made.

At the preliminary examination a great deal of testimony was presented by certain alleged coconspirators (who had agreed to give testimony in exchange for immunity) about conversations that took place among various defendants with respect to setting prices and about keeping prices stable. The district court concluded that the bulk of the people's evidence was hearsay. The court recognized that hearsay evidence is admissible only after the existence of a conspiracy has been proved by independent evidence and found that, absent the hearsay evidence, inconclusive circumstantial evidence remained. Upon appeal, the circuit court found that the district court did not err in determining that independent evidence of a conspiracy needed to be presented prior to the admission of the hearsay evidence and that the district court did not abuse its discretion in determining that insufficient circumstantial evidence existed apart from the hearsay evidence to support a bindover.

The people now claim on appeal that the evidence produced at the preliminary examination supported and compelled a finding of conspiracy to fix prices of motor vehicle fuel such that the district court abused its discretion in failing to bind defendants over for trial.

The abuse of discretion standard is indeed the correct measure with which to review the magistrate's decision. *People v Schaffer,* 129 Mich App 287, 290; 341 NW2d 507 (1983), lv den 418 Mich

933 (1984). That standard has been defined by this Court:

" 'In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.' " [*People v Allen Alexander,* 112 Mich App 357, 359; 315 NW2d 543 (1981).]

As a threshold matter, the magistrate must of course be satisfied that there is sufficient evidence that an offense has been committed and that there is probable cause to believe that the defendant or defendants committed it. *People v King,* 412 Mich 145, 154; 312 NW2d 629 (1981). The magistrate has the duty to pass judgment on the credibility of witnesses as well as the weight and competency of the evidence, but should not take the place of a trier of fact and discharge a defendant when the evidence conflicts or there is reasonable doubt of the defendant's guilt. *Id.,* pp 153-154.

The district court's inquiry into probable cause is not limited to whether the prosecution has presented evidence on each element of the offense, but rather extends to whether probable cause exists after an examination of the entire matter. *People v Salazar,* 124 Mich App 249; 333 NW2d 567 (1983). In reaching his or her decision to bind a defendant over for trial, a magistrate may consider only legally admissible evidence. *People v Kubasiak,* 98 Mich App 529, 536; 296 NW2d 298 (1980), lv den 409 Mich 948 (1980). See, also, *People v Charles D Walker,* 385 Mich 565; 189 NW2d 234 (1971).

The people urge this Court to find that the magistrate abused his discretion in failing to bind defendants over for trial based on the evidence presented at the preliminary examination. The district court properly recognized that a coconspi-

rator's statements may only be admitted after the conspiracy is shown by independent evidence, and by a preponderance of the evidence. *People v Moscara,* 140 Mich App 316; 364 NW2d 318 (1985); MRE 801(d)(2)(E); *People v Suchy,* 143 Mich App 136; 371 NW2d 502 (1985).

We note also that the majority of federal antitrust cases involving antitrust suits hold that there must be independent proof aliunde of the existence of a membership in a conspiracy before a coconspirator's statements are admissible against a defendant. See, *In re Japanese Electronic Products Antitrust Litigation,* 723 F2d 238, 261 (CA 3, 1983), and *United States v Aeroquip Corp,* 284 F Supp 114, 116 (ED Mich, 1968).

A review of the evidence presented at the preliminary examination shows that the people failed to establish any independent proof of the existence of the alleged conspiracy outside that of the hearsay testimony of the coconspirators.

Although the argument of the people focuses on the magistrate's initial decision that he would receive hearsay testimony during the examination, it is clear that the same was solely a means of eliciting all possible evidence. As stated in *Salazar, supra,* a magistrate's inquiry must be based on whether probable cause exists after examination of the *whole* matter.

We find that the district court properly exercised its discretion in failing to bind over these defendants for trial when it recognized the requirement of independent proof of the conspiracy before admitting hearsay evidence of a coconspirator.

The foregoing being dispositive of the entire matter, we find it unnecessary to discuss other points raised by the various parties on appeal.

Affirmed.