PEOPLE v HARRIS

Docket No. 90024. Submitted February 10, 1987, at Lansing. Decided April 20, 1987.

Walter Lee Harris was charged with open murder and possession of a firearm in the commission of a felony. Following a preliminary examination, the examining magistrate determined that the shooting was accidental and entered an order dismissing all charges against the defendant. The prosecution appealed the dismissal to the Oakland Circuit Court, which held, Robert L. Templin, J., that the district judge had not abused his discretion in refusing to bind the defendant over for trial. The prosecution appealed by leave granted.

The Court of Appeals *held:*

1. The Court of Appeals could not say, after reviewing the evidence, that the examining magistrate abused his discretion in finding that the shooting was accidental.

2. An examining magistrate has an obligation to consider binding a defendant over on a lesser included offense where the evidence does not support binding the defendant over on the charged offense. This the examining magistrate did not do.

3. Where from the record it does not appear that the examining magistrate even considered any possible lesser included offenses that may have been established by the evidence, the Court of Appeals, on appeal, should examine the record to determine if there was sufficient evidence to bind defendant over on any felony charge. The Court of Appeals found that the evidence would support a bind over on the charge of involuntary manslaughter.

Reversed and remanded.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS.

An examining magistrate must be satisfied that there is sufficient evidence that an offense has been committed and there is

REFERENCES

Am Jur 2d, Criminal Law §§ 411-420.

Am Jur 2d, Homicide §§ 70, 92.

See the annotations in the Index to Annotations under Appeal and Error; Involuntary Manslaughter; Preliminary Hearing.

probable cause to believe that the defendant or defendants committed it; the magistrate has the duty to pass judgment on the credibility of witnesses as well as the weight and competency of the evidence, but should not take the place of a trier of fact and discharge a defendant when the evidence conflicts or there is reasonable doubt of the defendant's guilt (MCL 766.13; MSA 28.931).

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — APPEAL.

A reviewing court will not disturb a magistrate's determination at a preliminary examination unless a clear abuse of discretion is apparent on the record.

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — LESSER OFFENSES.

An examining magistrate has an obligation to consider binding a defendant over on a lesser included offense where the evidence does not support binding the defendant over on the charged offense (MCL 766.13; MSA 28.931).

4. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — LESSER OFFENSES — APPEAL REMEDIES.

Where from the record it does not appear that the examining magistrate even considered any possible lesser included offenses that may have been established by the evidence, the Court of Appeals, on appeal, should examine the record to determine if there was sufficient evidence to bind defendant over on any felony charge.

5. HOMICIDE — MANSLAUGHTER — INVOLUNTARY MANSLAUGHTER — GROSS NEGLIGENCE.

Gross negligence sufficient to support a conviction of involuntary manslaughter requires: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; and (3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another (MCL 750.239; MSA 28.436).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Milton R. Henry,* for defendant.

Before: HOOD, P.J., and MACKENZIE and R. M.
PAJTAS,* JJ.

PER CURIAM. Defendant was charged in Oakland
County with one count of open murder, MCL
767.71; MSA 28.1011, and, possession of a firearm
during the commission of a felony, MCL 750.227b;
MSA 28.424(2), for the shooting death of Keith
Hall. Following a preliminary examination held on
April 26, 1984, the examining magistrate deter-
mined that the shooting was accidental and en-
tered an order dismissing all charges against the
defendant. The prosecution appealed the dismissal
to the circuit court, which held that the district
judge had not abused his discretion in refusing to
bind the defendant over for trial. The prosecution
now appeals to this Court by leave granted. We
reverse.

The testimony at the preliminary examination
reveals that the decedent, Keith Hall, went to his
ex-girlfriend's, Corlinda Cowart's, apartment to
visit his illegitimate children. Because of prior
violent confrontations with Hall, Cowart asked
him to leave, but he refused. The defendant, Co-
wart's brother, came to the apartment in response
to a request from a second sister for assistance in
dealing with Hall. Defendant confronted Hall with
a rifle. As he was racking the gun, it discharged,
fatally wounding Hall. Based on this evidence, the
prosecution argues on appeal that the district
court erred as a matter of law when it refused to
bind defendant over for trial on a charge of mur-
der.

It is the obligation of the examining magistrate
to determine whether a crime has been committed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and whether there is probable cause to believe that defendant committed it. MCL 766.13; MSA 28.931. In discharging that duty, the magistrate has a duty to pass judgment on the credibility of the witnesses as well as the weight and competency of the evidence, but should not take the place of a trier of fact and discharge a defendant when the evidence conflicts or there is a reasonable doubt as to defendant's guilt. *People v Woodland Oil Co, Inc,* 153 Mich App 799; 396 NW2d 541 (1986). A reviewing court should not disturb a magistrate's determination at the preliminary examination unless a clear abuse of discretion is apparent from the record. *People v Shipp,* 141 Mich App 610; 367 NW2d 430 (1985), lv den 422 Mich 934 (1985).

In this case, the magistrate determined that the evidence established that the shooting was accidental and therefore would not support the charge of murder. Certainly, it was within the authority of the examining magistrate to find that the evidence did not establish the required intent or malice to justify a bindover on murder charges. *People v King,* 412 Mich 145; 312 NW2d 629 (1981). After reviewing the evidence, we cannot say that the magistrate abused his discretion in finding that the shooting was accidental. The evidence indicated that defendant went to his sister's apartment armed with a gun to confront Hall, who had a past history of physical abuse directed at defendant's sister. After defendant racked the gun and a shot discharged, defendant immediately stated that he did not mean to shoot Hall. This evidence that defendant lacked the intent to shoot Hall was unrebutted by any evidence produced by the prosecutor. Accordingly, the examining magistrate did not err in refusing to bind the defendant over for trial on an open charge of murder.

However, simply because the magistrate determined that defendant could not properly be bound over for trial on murder charges does not mean the case against the defendant should have been totally dismissed. An examining magistrate has the obligation to consider binding a defendant over on lesser included offenses where such offenses are supported by the evidence offered at the preliminary examination. *King, supra,* p 153. MCL 766.13; MSA 28.931 provides:

> If it shall appear to the magistrate at the conclusion of the preliminary examination either that an offense has not been committed or that there is not probable cause for charging the defendant therewith, he shall discharge such defendant. If it shall appear to the magistrate at the conclusion of the preliminary examination that a felony has been committed and there is probable cause for charging the defendant therewith, the magistrate shall forthwith bind the defendant to appear before the circuit court of such county, or other court having jurisdiction of the cause, for trial.

Pursuant to this statute, even where the charged offense has not been established, if a lesser included offense is established, then defendant should be bound over for trial on that charge. See *People v Randall,* 42 Mich App 187; 201 NW2d 292 (1972).

In this case, we must determine whether the magistrate abused his discretion by not binding defendant over to the circuit court on any charge. From the record, it does not appear that the magistrate even considered any possible lesser included offenses that may have been established by the evidence. Thus, this Court must examine the record to determine if there was sufficient evidence to bind defendant over on any felony

charges, such as voluntary or involuntary manslaughter, MCL 750.321; MSA 28.553, misdemeanor manslaughter, MCL 750.239; MSA 28.436, or reckless use of a firearm resulting in death, MCL 752.861; MSA 28.436(21).

Based on the evidence in this case, we find that the magistrate abused his discretion in not binding defendant over for trial on the charge of involuntary manslaughter, MCL 750.321; MSA 28.553. Unlike voluntary manslaughter, which requires that defendant intended to kill, the crime of involuntary manslaughter is established if a defendant acts in a grossly negligent, wanton or reckless fashion, in causing the death of another. A finding of gross negligence for purposes of involuntary manslaughter requires:

> (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.
> (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.
> (3) The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. [*People v Orr,* 243 Mich 300, 307; 220 NW 777 (1928).]

The crime of involuntary manslaughter does not require that the defendant be personally aware of the danger or that he knowingly and consciously create that danger. The test only requires the danger to be apparent to the ordinary mind. *People v Sealy,* 136 Mich App 168; 356 NW2d 614 (1984).

In the present case, we believe that the evidence offered at the preliminary examination was sufficient to establish that defendant was grossly negli-

gent in the death of the victim. It is clear that defendant was confronted with a situation requiring him to exercise ordinary care and diligence to avert injury to another by his handling of the firearm. The resulting harm certainly could have been averted by an exercise of ordinary care and diligence by the defendant in his use of the firearm. Further, we believe that the ordinary mind is aware of the fact that a person must be extremely cautious in his handling of a firearm, especially racking the gun in the vicinity of another person, as there is always the possibility that a loaded gun may accidentally discharge. Here, given the evidence of defendant's actions, it is for the trier of fact to determine if defendant was grossly negligent in the death of the victim. Accordingly, we hold that the magistrate abused his discretion in failing to bind defendant over for trial on the charge of involuntary manslaughter.

We further note that the charge of involuntary manslaughter is the most serious crime that the jury can consider at any subsequent trial. However, this does not preclude the trial court from instructing the jury on any lesser included offenses, such as reckless use of a firearm resulting in death, MCL 752.861; MSA 28.436(21), which may be requested by the defendant and warranted by the evidence offered at trial.

Therefore, the order of the district court dismissing the charges against the defendant is reversed and the case remanded for trial on the crime of involuntary manslaughter.

Reversed and remanded.