## PEOPLE v WOOD

Docket No. 110753. Submitted December 13, 1989, at Grand Rapids. Decided January 17, 1990.

Clovis Wood, as director and managing officer of Unity Hospital, Inc., opened an account in the hospital's name at a bank in Benton Harbor, Michigan, and deposited money belonging to the hospital into the account. Wood subsequently transferred $175,000 from the hospital's account to a checking account opened in his name at a bank in South Bend, Indiana. Wood then assigned his management contract with the hospital to Midwest Health Management Corporation, which agreed to pay Wood an advance of $175,000 in management fees. The advance was paid out of the Indiana bank account. Wood was charged with embezzlement. At preliminary examination, the district court denied the prosecution's bindover motion. On appeal, the Berrien Circuit Court, Casper O. Grathwohl, J., affirmed the district court, ruling that there had not been concealment of the transfer of funds to defendant, and the hospital's lack of consent had not been sufficiently demonstrated. The prosecution appealed by leave granted.

The Court of Appeals *held:*

Two distinct types of embezzlement exist. The first occurs when an individual, acting as an agent, servant or employee of another, or as a trustee, bailee or custodian of the property of another, fraudulently disposes of or converts to his own use money or personal property belonging to his principal. The second occurs when an individual conceals with intent to convert to his own use without his principal's consent money or personal property belonging to his principal. Lack of consent is an element only in the latter category and thus is not always required to sustain a charge of embezzlement. Here, the evidence clearly established facts pursuant to which defendant could be charged with embezzlement for the fraudulent disposal or conversion of the hospital's money for his own use. Accord-

REFERENCES

Am Jur 2d, Embezzlement §§ 19, 22, 25, 26, 55.
See the Index to Annotations under Embezzlement; Managing Agent.

ingly, defendant can properly be bound over for trial as charged.

Reversed and remanded.

EMBEZZLEMENT — STATUTES.

An individual, acting as an agent, servant or employee of another, or as a trustee, bailee or custodian of the property of another, can properly be charged with the crime of embezzlement where he (1) fraudulently disposes of or converts to his own use money or personal property belonging to his principal, or (2) conceals with intent to convert to his own use without his principal's consent money or personal property belonging to his principal (MCL 750.174; MSA 28.371).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Thomas E. McClear*, Assistant Attorney General, for the people.

*Vlachos & Hurley* (by *Paul T. Vlachos*), for defendant.

Before: DANHOF, C.J., and MAHER and HOOD, JJ.

PER CURIAM. The people appeal by leave granted from a July 19, 1988, order of the Berrien Circuit Court affirming the district court's dismissal of a charge against defendant of embezzlement over $100.

Defendant was the sole director and managing officer of Unity Hospital, Inc., a nonprofit corporation serving the citizenry of Berrien County. Defendant was given this position in lieu of exercising an option to purchase the hospital provided in his management contract.

On August 13, 1984, defendant opened an account in the hospital's name at Inter City Bank in Benton Harbor, Michigan. The money placed in this account came from cost settlement reimbursements to the hospital. On August 22, 1984, $175,000 was transferred from this account to a checking account opened in defendant's name at St.

Joseph Bank in South Bend, Indiana. On August 23, 1984, defendant assigned his management contract with the hospital to Midwest Health Management Corporation. In exchange, defendant and Midwest agreed that defendant was entitled to $175,000 as an advance on management fees. Defendant used the $175,000 for personal purposes, including $105,000 for a home in Tennessee.

Defendant was charged with embezzlement over $100, MCL 750.174; MSA 28.371. At the conclusion of defendant's preliminary examination, the district court ruled that no embezzlement occurred since defendant was managing officer and sole director and thus the hospital had effectively consented to defendant's taking of the $175,000. The circuit court affirmed the district court's dismissal of the charge opining that (1) there had not been concealment of the transfer of funds to defendant, and (2) the hospital's lack of consent had not been sufficiently demonstrated. We disagree and reverse.

The statute governing embezzlement provides in pertinent part:

> Any person who as the agent, servant or employee of another, or as the trustee, bailee or custodian of the property of another, or of any partnership, voluntary association, public or private corporation, or of this state, or of any county, city, village, township or school district within this state, shall fraudulently dispose of or convert to his own use, or take or secrete with intent to convert to his own use without the consent of his principal, any money or other personal property of his principal which shall have come to his possession or shall be under his charge or control by virtue of his being such agent, servant, employee, trustee, bailee or custodian, as aforesaid, shall be guilty of the crime of embezzlement, and upon

conviction thereof, if the money or personal property so embezzled shall be of the value of $100.00 or under, shall be guilty of a misdemeanor; if the money or personal property so embezzled be of the value of more than $100.00, such person shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years or by a fine not exceeding $5,000.00. [MCL 750.174; MSA 28.371.]

According to CJI 27:1:01, the elements of embezzlement are: (A) the money or personal property in question must belong to the principal; (B) the defendant must have had a relationship of trust with the principal because he was an agent, servant, employee, trustee, bailee or custodian of the principal; (C) the money or personal property in question must have come into the defendant's possession or under his charge or control because of that relationship of trust with the principal; (D) the money or personal property must have been dishonestly disposed of or converted to the defendant's own use, or taken or secreted with intent to convert to his own use without the consent of his principal; (E) this act must have been done without the consent of the principal; and (F) at the time of the conversion or appropriation to his own use the defendant must have intended to defraud or cheat the principal of some property.

After a careful reading of these elements and the aforementioned provision, we conclude that there exist two distinct types of embezzlement. The first occurs when an individual fraudulently disposes of or converts to his own use money or personal property of his principal. The second occurs when an individual conceals with intent to convert to his own use money or personal property without the consent of his principal. We have discerned that lack of consent is an element only

in this latter category and thus is not always required to sustain a charge of embezzlement.

Our review of the record indicates that defendant as well as the district and the circuit courts focused upon the element of consent. However, we feel that, regardless of whether the hospital arguably consented to defendant's actions, the evidence clearly established facts pursuant to which defendant could be charged under the alternative theory of embezzlement, i.e., fraudulent disposal or conversion of the hospital's money for his own use.

The money transferred into defendant's account came from proceeds received on behalf of the hospital from cost settlement reimbursements. The money came under defendant's control as a result of his position as managing officer and sole director. Finally, defendant's actions in opening the accounts, effectuating transfer of the funds and immediately assigning his management contract denotes an intent to defraud the hospital.

In light of the above facts, we believe that the people presented evidence from which each element of embezzlement could be inferred. *People v Giddings*, 169 Mich App 631, 633; 426 NW2d 732 (1988), lv den 431 Mich 860 (1988). There existed probable cause to believe that a crime had been committed and defendant committed it. *Id.* Therefore, the district and circuit courts erred in failing to bind defendant over for trial on the charge of embezzlement.

We reverse the circuit court's decision affirming the district court's dismissal of the charge and order that defendant be bound over for trial for embezzlement over $100.

Reversed and remanded.